FREDERICK A. BUSHNELL, as Administrator, etc., Respondent, *v.* CALVIN C. L. B. CARPENTER, Appellant.

The will of C. gave to two grandchildren "the sum of $1,000 each, to be paid to them respectively as they arrive at the age of twenty-five years." To five children he gave $1,000 each, payable one legacy each year for five years after his decease. After certain devises and bequests, he gave his residuary estate to defendant, his son, subject to the payment of his debts and the legacies. In an action by the administrator of the estate of one of said grandchildren, who died before reaching the age of twenty-five, brought after she would have reached that age, had she lived, to recover the legacy, *held*, that the postponement of the time of payment did not make the gift contingent; that the testator's intent, as disclosed by the will, was simply to postpone payment for the benefit of the estate; that the legacy vested upon the death of the testator, and that plaintiff was entitled to recover.

(Argued March 29, 1883; decided April 17, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 20, 1882, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 28 Hun, 19.)

This action was brought by plaintiff, as administrator of the estate of Ellen O. Bushnell, deceased, to recover a legacy given to her by the will of Stephen V. Carpenter, deceased. Carpenter died in February, 1864, leaving a will executed in July, 1863, of the material clauses of which the following is a copy:

" Second. I give and devise to my son Calvin G. L. B. Car-

penter all and singular the real estate whereof I may die seized wherever the same may be situated, excepting, however, the house and lot in the city of Rochester, and the two houses and lots in Little Falls hereinbefore mentioned, and I give and bequeath to my said son all my personal estate of every name and kind wherever the same may be, except my household goods and furniture hereinbefore bequeathed, to have and to hold the said real and personal estate to my said son and to his heirs and assigns forever, subject, nevertheless, to the payment by him of all my debts, and further to the payment of the several legacies hereinafter made to my daughter Elvira G. and her children, Ann Maria and her children Betsey, Catherine and Nancy, hereby expressly making the said legacies a charge and lien upon the property devised to my said son.

"Third. I give and bequeath to my daughter Elvira $1,000, to be paid to her one year after my decease. To my daughter Ann Maria $1,000, to be paid to her two years after my decease. To my daughter Betsey $1,000, to be paid to her three years after my decease. To my daughter Catherine $1,000, to be paid to her four years after my decease, and to my daughter Nancy $1,000, to be paid to her five years after my decease.

"The above legacies to be in full payment, satisfaction and discharge of all claims which may be made by any of my said daughters against my estate.

"Fourth. I give and bequeath to the four children now living of my daughter Elvira the sum of $3,000, as follows, to-wit: $1,000 to the son of my said daughter and $2,000 to the three girls, share and share alike, to be paid to the said children respectively as they arrive at the age of twenty-five years.

"Fifth. I give and bequeath to the two children now living of my daughter Ann Maria the sum of $1,000 each, to be paid to them respectively as they arrive at the age of twenty-five years."

Plaintiff's intestate was a daughter of the testator's daughter Ann Maria mentioned in the fifth clause of the will. She died in November, 1869, being then fifteen years old. Defendant, who is the son of the testator mentioned in the second clause

of the will, accepted the gifts to him and took possession. The court found that " the postponement of the time of the payment of the several legacies given in and by the will of the testator was for the benefit of the testator's estate and for the convenience of the defendant as devisee."

*A. M. Mills* for appellant.    When by express provision the pending income is to be enjoyed or received by the legatee it denotes an intention that the legacy shall not vest. (*Patterson* v. *Ellis*, 11 Wend. 259 ; *Everett* v. *Everett*, 29 N. Y. 39 ; *Warner* v. *Durant*, 76 id. 133 ; *Boies* v. *Wilcox*, 40 Barb. 286.) The fact that the legacy is not given out of the personal property or general estate of the testator, but is directed to be paid personally by the defendant and made a charge on the farm devised to the defendant, indicates that the legacy is not vested. (*Birdsall* v. *Hewlett*, 1 Paige, 32.) The legacy being by the express terms of the will made a charge upon the real property devised to the defendant, and the legatee having died before the time of payment arrived, the legacy lapsed and the plaintiff cannot recover. (*Birdsall* v. *Hewlett*, 1 Paige, 33 ; *Marsh* v. *Wheeler*, 2 Edw. Ch. 156 ; *Harris* v. *Fly*, 7 Paige, 421, 429 ; *Delavergne* v. *Dean*, 45 How. Pr. 206, 209 ; *Sweet* v. *Chase*, 2 N. Y. 73, 80.)

*C. D. Adams* for respondent.    The legacy is a lien and can be enforced in equity against the land.    (79 N. Y. 136.)    A purchaser from defendant must necessarily make his title through the will, and has notice of the lien, and takes subject to it.    (7 Paige, 421.)    The scheme of the will is to give the defendant the bulk of the estate, which is cultivated land, producing an income, on condition he pays the defendant and his five sisters $1,000 each, and certain grandchildren $5,000 in all. (71 N. Y. 105.)    The legacies were given absolutely.    (85 N. Y. 142, 146, 147 ; 7 Paige, 429, 430 ; 71 N. Y. 100, 102.)    If the postponement of a legacy is for the benefit of the estate, it vests immediately.    (11 Wend. 259.)    Words directing or implying payment preclude contingency.    (Dayton on Surrogates [3d ed.], 425 ; Redfield's Surrogates' Law and Pr. [2d ed.] 576 and note.)

DANFORTH, J. It is well settled that a mere postponement of the time of payment will not make a legacy contingent, and here is nothing more. " I give," says the testator, "I give and bequeath to the two children now living of my daughter Ann Maria, the sum of $1,000 each, to be paid to them respectively as they arrive at the age of twenty-five years." And since we know that Ellen, whom the plaintiff represents, is one of those two children, we may read the will as if the testator said, "I give and bequeath to Ellen the sum of $1,000." Upon these words appellant makes no argument. They clearly signify a direct and positive gift (1 Roper on Legacies, 479; *Lister* v. *Bradley*, 1 Hare 10), and can be considered otherwise only by importing into the clause the word "if," or some other word of similar meaning, signifying a condition precedent. The learned counsel for the appellant relies on the rest of the sentence and says there is a contingency. But the testator does not say, "I give," "provided," or "if" Ellen arrives at the age of twenty-five years, but only indicates the period which must elapse before payment can be demanded. (*Manice* v. *Manice*, 43 N. Y. 303; *Livingston* v. *Greene*, 52 id. 118; *Smith* v. *Edwards*, 88 id. 92.) And when we see that the defendant takes the land of the testator, especially charged with and subject to the payment of this legacy, it is difficult to find any ground for the contention that the death of the legatee relieves him from the obligation.

So far as the learned counsel for the appellant treats the intent of the testator as a question of fact depending on outside circumstances, it is needless to follow him, for the trial court and General Term are both the other way, and we agree that the force of the argument is not all on his side.

Upon the will itself, having regard to its various provisions, we have no doubt that day of payment was postponed for the convenience of the estate.

The defendant is charged with the payment of all the debts of the testator, and his legacies; in regard to the latter, time is given, so that they are to be paid at intervals, annually, for the first five years, to his several children, to the grandchildren

as they arrive at the age of twenty-five years, in each instance without interest, and as may be inferred chiefly from the land itself and its profitable tillage. Nor do the cases cited for the appellant, tend to his support. In *Loder* v. *Hatfield* (71 N. Y. 98) the legacies there in question were held to have vested upon reasons not inapplicable here. In *Patterson* v. *Ellis* (11 Wend. 260) a distinction is taken between a legacy "given to A., to be paid when he shall attain the age of twenty-one years," and one given when the legatee shall attain, or provided he does attain, the age of twenty-one, and it is said the first vests, and payment only is postponed ; the other does not, because time is the substance of the gift. But even in the latter case, if interest is in the mean time to be paid, the principal vests. And so in the other cases. (*Everitt* v. *Everitt*, 29 N. Y. 39, and *Warner* v. *Durant*, 76 id. 133). This circumstance may disclose the intent of the testator, as in these instances, but that intent may appear without, as in the case now in hand, where the legacy is a distinct gift, as appears both by a strict construction of the words, and by the general intent manifest in the will. We think the case was well disposed of in the court below.

The judgment appealed from should, therefore, be affirmed. All concur.

Judgment affirmed.