### REDFIELD *v.* REDFIELD *et al.*

*(Supreme Court, General Term, Fourth Department. February, 1891.)*

WILLS—CONSTRUCTION—DEVISE SUBJECT TO ANNUITY.

Testator, by article 3 of his will, devised certain property to his children, M., J., and L., "and said premises and said legatees \* \* \* are hereby charged with, and their legacy and bequest is made subject to," an annuity to testator's wife in lieu of dower. By codicil 1 testator struck out the names of J. and L., leaving the property "subject to the same provisions and conditions as in said article contained, to be kept and performed by said M. alone." By a later codicil testator provided that "I further alter article third in my said will," so as to leave the property in question to M. and L. as tenants in common. *Held,* that the annuity to testator's wife was a lien on the property in the hands of M. and L., and that M. was personally liable for such annuity.

Appeal from special term, Onondaga county.

Action by Charles T. Redfield, as administrator of the goods, chattels, and credits of Anna Maria Redfield, deceased, against Lewis H. Redfield, Jessie A. Redfield, and Louis Marshall, Margaret T. Smith, and others. From a judgment that an annuity given by the will of Lewis H. Redfield, Sr., to his wife in lieu of dower was a charge upon a store and lot devised to the testator to Lewis H. Redfield and Margaret T. Smith, defendants Lewis H. Redfield, Jessie A. Redfield, and Louis Marshall appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Jenny, Marshall & Ruger,* for appellant Marshall. *Samuel D. Solomon,* for appellants Redfield. *Tracy, McLennan & Ayling,* for respondent Redfield. *Knapp, Nottingham & Andrews,* for respondent Smith.

MARTIN, J. Prior to 1853, Lewis H. Redfield and Anna M. Redfield were husband and wife. While that relation existed between them, Lewis H. Redfield became the owner in fee of the real estate described in the complaint, known as "No. 21 in block 94," in the city of Syracuse, N. Y., and remained such owner and in possession thereof until his death. He died at Syracuse, July 14, 1882, leaving Anna M. Redfield, his widow, him surviving. He left a last will and testament dated May 16, 1874, with several codicils thereto. On September 30, 1882, this will, and the several codicils thereto, were duly admitted to probate by the surrogate's court of Onondaga county. His widow died, intestate, June 18, 1888. December 4, 1888, letters of administration of her estate were duly granted by the surrogate's court of Onondaga county to Charles T. Redfield, the plaintiff. In November, 1853, articles of separation were entered into between Lewis H. Redfield and his wife, whereby she was to receive the sum of $400 annually for her support during the term of her natural life. They lived separate for the remainder of their lives. The

third article of the testator's will was as follows: "*Third.* I will and devise to my daughters, Margaret T. Smith and Jane L. Redfield, and to my son, Lewis Hamilton Redfield, Jr., all that other parcel of land, being part of said block No. 94, in said city, as conveyed to me by Augustus James, extending from Water street to the Erie canal, being also about twenty-one feet front, and known by street number 'twenty-one,' and also occupied by said Ashley P. Johnson, to have and to hold the same as joint tenants; and, if either shall die, then the interest and the portion of the one so dying will go to the survivors or survivor; and the said premises and the said legatees, or their survivor or survivors, are hereby charged with, and this legacy and bequest is made subject to, the payment of an annuity to my wife, Mrs. Anna Maria Redfield, of one hundred and fifty dollars quarter-yearly from my death during her natural life, if she shall execute, acknowledge, and deliver to my executors a proper release of her right of dower and interest in my real estate; and this provision for her is hereby declared to be in full discharge of such right of dower, and also in discharge of my agreement to pay her four hundred dollars annually, and of all undertakings or obligations on my part for her benefit or support, and of all her interest in my property and estate." On April 25, 1877, the testator made a codicil to his will, which, so far as applicable to the questions in this case, was as follows: "*First.* Strike out and I revoke from the second and third lines in article third in said will these words: 'And Jane L. Redfield and to my son, Lewis Hamilton Redfield, Jr.,' so that the legacy and bequest in said article will be to my said daughter, Margaret, and not to her and said Jane L. and Lewis Hamilton, and yet subject to the same provisions and conditions as in said article contained, to be kept and performed by said Margaret alone, instead of my three children, as in said article contained; and my said daughter Margaret is further required to and she will assume to and pay to and for the benefit of my said son, Lewis H. Redfield, the sum of seventy-five dollars quarter-yearly from the proof of my will, and for the term of twelve years, or only until his death, if he shall die within that time; but she will not recognize any assignment of or order for said sums, and she will pay the same to him personally only, and she may pay the same before or after they become due, and to any person she may think best." The testator, by a sixth codicil to his will, dated July 1, 1881, provided as follows: "*Second.* I further alter article third in my said will and article first in my codicil of 25th April, 1877, by and I hereby will and devise to said Margaret T. Smith and Lewis H. Redfield equally, and as tenants in common, the store and lot therein described as ' lot or store No. 21, in block No. 94,' and the said Margaret is released from paying to said Lewis H. and his heirs the payments therein provided." On April 13, 1883, and after the probate of the will of the testator, his widow executed, acknowledged, and delivered to Charles T. Redfield and James L. Bagg, the executors named in said will, who had qualified as such, a release of all her right, title, and claim to dower in and to any and all real estate owned by the testator or in which he had any interest at his death, or at any time during his life. The release executed by the widow of the testator was executed with the intent on her part to comply with the condition upon which the annuity of one hundred and fifty dollars, payable quarter-yearly, was made payable to her by the third article of the will of the testator, and was an acceptance on her part of the provision for her made by the will.

Immediately after the death of the testator the defendants Margaret T. Smith and Lewis H. Redfield took possession of the real estate in question, and have since received the rents and profits thereof. They refused and neglected to pay the annuity provided for by the testator's will, or any part thereof, to his widow during her life, or to the plaintiff, who is her administrator since her death. Such annuity, at the death of said Anna M. Redfield, amounted to the sum of $3,550. No demand was made upon the defendants

Margaret T. Smith and Lewis H. Redfield for the payment of such annuity by the plaintiff's intestate during her life. Certain articles of personal property belonging to the estate of the testator were by the appraisers set apart for his widow, under the statutes, and were afterwards received by her, but such setting apart was, after the acceptance by her of the provision, made for her by said will. The foregoing facts were found by the learned trial judge, and were fully sustained by the evidence. The court held that the annuity mentioned was a charge upon the premises described; that the premises came to the defendants Margaret T. Smith and Lewis H. Redfield subject to and charged with the payment of such annuity; and that Margaret T. Smith became personally liable for the payment of the same. Judgment was thereupon ordered adjudging that the sum of $3,550, with interest from the commencement of the action, was due to the plaintiff, and directing a sale of the lands in question to satisfy said amount, and the costs of such sale, and further adjudging that the defendant Margaret T. Smith pay the deficiency, if any.

'That the testator, by the provisions of his original will, intended to charge the premises devised to Margaret T. Smith, Jane L. Redfield, and Lewis H. Redfield, Jr., with the payment to his wife, during her natural life, of an annuity of $600 is manifest from the language of the will. It is likewise manifest that it was his intent that the legatees named should also be personally liable for the payment of such annuity. The express provisions of the will were that the premises mentioned and the legatees named were thereby charged with, and the devise was subject to, the payment of such annuity, upon her executing to his executors the release mentioned. The effect of the codicil of September 25, 1877, was to revoke this provision of the will so far as it was a devise of the property in question to Jane L. Redfield and Lewis H. Redfield, Jr., and to leave it as a devise of the property to Margaret T. Smith alone, but subject to the same provisions and conditions as were contained in the original will. It also imposed upon her the burden of paying Lewis H. an annuity of $300 a year for 12 years, or until his death. As the will stood after this codicil was executed, Margaret was the sole devisee of the property in question, and the payment of an annuity of $600 to her mother was made both a charge upon the property and against her personally. Such was the testator's will when the codicil of July 14, 1881, was made.

That the testator by this last codicil did not intend to revoke the provisions of his original will as modified by the codicil of April 25, 1877, is rendered quite manifest by the language employed. The language is: "I further alter" the will and codicil, "by," etc. This language is totally inconsistent with the idea that all the provisions of his will and former codicil were to be revoked, and a new and substituted disposition of his property made. It is perhaps true that what follows renders this provision of the codicil somewhat ambiguous, but we think, when the provisions of the will and codicils are considered together, the intent of the testator is readily discovered. This property had been originally devised to three of the testator's children, and the annuity to the mother had been made an express charge upon the property, and against the several devisees. The will was subsequently changed by revoking the devise as to two, and leaving it a devise to one alone, with the charge of the mother's annuity remaining, and creating an additional charge of an annuity of $300 a year, payable to Lewis H., one of the former devisees. Again, the will is altered by making the devise to Margaret and Lewis as tenants in common, instead of Margaret alone, and by relieving her from paying the annuity to Lewis, her co-devisee. Such was the purpose of the last codicil. We think that was its only purpose. Surely there is nothing in the last codicil to show any intent on the part of the testator to release either Margaret or the premises from the provision of the will giving his widow an annuity, and making it a charge upon the property, and against the devisees. By this codicil Margaret was expressly released from the charge to pay an annuity to Lewis, and

we think it may fairly be presumed that, if the testator had intended to release her or the property from the charge of his wife's annuity, it would have been expressed therein. "It is a general rule that an expressed intention to make an alteration in a will, in one particular, negatives by implication an intention to alter it in any other respect." CHURCH, C. J., in *Wetmore* v. *Parker,* 52 N. Y. 462. We think, when this last codicil is considered in the light of the provisions of the will and former codicil, it shows that the intent of the testator was to alter the provisions of his will and codicil by devising to Margaret and Lewis H. the store and lot in question as tenants in common, and relieving Margaret from the charge of the annuity to Lewis, and that this was the only purpose of that codicil, so far as the question before us is concerned. If correct in this construction, it follows that the provisions in the original will making the wife's annuity a charge upon the property remained unchanged, and that the annuity remained a charge thereon, as well as a charge against Margaret personally, as it is also a general rule that a codicil will not operate as a revocation beyond the clear import of its language. ' 1 Redf. Wills, 362, and note; 1 Jarm. Wills, p. 160, note 2; *Brant* v. *Willson,* 8 Cow. 56; *Wetmore* v. *Parker,* 52 N. Y. 462. These considerations lead to the conclusion that the judgment appealed from was as favorable to the appellants as they had a right to ask. The widow's annuity was a charge upon the real property in question. It being an express charge thereon, the devisees, upon accepting the devise, became personally bound to pay such annuity, and its payment could be enforced by a suit in equity against the real estate, or by an action against the devisees upon the promise to pay, implied by the acceptance of the devise. *Brown* v. *Knapps,* 79 N. Y. 136; *Gridley* v. *Gridley,* 24 N. Y. 130; *Stoddard* v. *Johnson,* 13 Hun, 606; *Bushnell* v. *Carpenter,* 28 Hun, 19; affirmed, 92 N. Y. 270; *McCorn* v. *McCorn,* 100 N. Y. 511, 3 N. E. Rep. 480; *Bartholomew* v. *Adams,* 8 N. Y. Supp. 179.

It would seem that, as both Margaret and Lewis had taken possession of the property under the testator's will, the plaintiff was entitled to a judgment adjudging the annuity a lien thereon; that the property be sold for the payment thereof; and, in case of deficiency, that both Margaret and Lewis should be liable to pay the same. But, as the respondents, who are the only persons interested in holding Lewis personally liable, have not appealed, the judgment should not be disturbed, because it did not contain a provision making him personally liable with Margaret for any deficiency that might exist.

As no question is raised by either of the appellants in their briefs as to the statute of limitations, that question must be deemed abandoned, and need not be considered. We think the evidence shows quite conclusively that the widow of the testator executed, acknowledged, and delivered the release provided for by the testator's will, and accepted the provisions thereof. Her subsequent acceptance of certain articles of personal property set apart to her by the appraisers did not, we think, change her rights, which had become fixed. We think the judgment should be affirmed. Judgment affirmed, with costs. All concur.