RICHARD A. SMITH et al., as Trustees, etc., Respondents, *v.* EMELINE F. PARSONS, Individually, etc., Impleaded, etc., Respondent; ROSALIE COE CAMPBELL, Appellant.

The will of C. directed his executors to divide one-half of his estate into as many equal shares as he should leave children him surviving, to collect the interest on each share and apply the same, or so much thereof as they might deem necessary, to the use of the child for whom the share was intended, and to accumulate the remainder until said child should become of age or sooner die, and upon the coming of age to pay over to him or her the accumulations, and thereafter to apply the whole interest and income to the use of said beneficiary during life; upon the death of a child before or after coming of age to transfer the share to his or her children, and in case of the death of a child leaving no issue to transfer the share to the testator's surviving issue. In an action brought by the executors for a judicial settlement of their accounts, it appeared that the testator left two children, both infants, one of whom died under age, intestate and unmarried. There had been a large accumulation of interest upon the share of the child so dying. *Held*, that until the death of the child the entire interest of her share vested at once when paid in, and only the time of payment over, or enjoyment, was postponed until majority; and so, that the administratrix of the deceased child was entitled to the accumulation.

*It seems*, that where a will so provides for the accumulation of interest on an infant's share during minority, the testator has power to make such

disposition thereof, in case of the death of the infant during minority, as he may see fit; and so, may bequeath it to any person, whether a minor or of full age. Such a provision is not violative of the statute providing that accumulations must be for the benefit of minors.

(Argued April 25, 1895; decided May 21, 1895.)

APPEAL from certain parts of a final judgment of the Special Term of the Supreme Court in the first judicial district, entered upon the report of a referee appointed to take an accounting after an interlocutory judgment.

The action was brought by the executors of the will of Richard H. Campbell, deceased, for a judicial settlement of their accounts, and for instructions in reference to certain accumulations in their hands as trustees.

An appeal from the interlocutory judgment was taken by the infant defendant, Rosalie Coe Campbell, to the General Term, where the judgment of the Special Term was affirmed.

An accounting was then had in accordance with the judgment on which final judgment was entered, and from this the present appeal is taken by the trustees and Rosalie.

The further material facts are stated in the opinion.

*S. P. Nash* for appellant. The case is one for the fair construction, according to the intent of the testator, of the direction to the trustees in case either of the daughters died without issue, to assign, transfer and set over the share intended for such child to the then surviving issue of the testator, in this case the defendant Rosalie. (*French* v. *Cheese*, 6 DeG., M. & G. 453.) The appeal should be sustained. (*Cochrane* v. *Schell*, 140 N. Y. 516; *Bective* v. *Hodgson*, 10 H. L. Cas. 656; *In re Dumble*, L. R. [23 Ch. Div.] 360; 140 N. Y. 357.)

*John W. Pirsson* and *John Alexander Beal* for respondent. The accumulations of the share of Martha Campbell belonged to and were vested in her, and upon her death passed to her administratrix or other personal representatives, to be dis-

posed of according to law. (2 R. S. chap. 1, tit. 2, art. 1, §§ 37, 39; Id. chap. 4, tit. 4, §§ 3, 4, 5; *Pray* v. *Hegeman*, 92 N. Y. 514; *Barbour* v. *DeForrest*, 95 id. 13; *Goebel* v. *Wolf*, 113 id. 415; *Draper* v. *Palmer*, 27 N. Y. S. R. 510; *Cochrane* v. *Schell*, 140 N. Y. 516.) It being admitted by the pleadings that there are accumulations of income of the share of Martha Campbell, deceased, in the hands of the plaintiffs which have been demanded by her administratrix, and that the same have not been paid over, a right of action at law has accrued to the said administratrix, to recover the same as and for money had and received. (2 Perry on Trusts, § 920; *Walker* v. *Beal*, 106 Mass. 110; *Draper* v. *Palmer*, 27 N. Y. S. R. 510; *Watson* v. *Barker*, 12 Johns. 206.)

Bartlett, J. Richard L. Campbell, the testator, died leaving a widow and two daughters, Martha and Rosalie, both of tender years. He left a large personal estate, the half of which was set apart in trust for his wife, and the other half given in trust for his daughters.

So much of the provisions of the will creating the trust in favor of the daughters as is material to consider reads as follows, viz. :

*Third.* " I authorize and empower my executors to divide the other one equal half part or share of my estate into as many equal shares as I may leave children me surviving, and to invest and re-invest each share, and to collect and receive the interest of each share, and to apply the same, or so much thereof as they may deem necessary to the use of the child for whom said share is intended, and to accumulate the remainder of said income until the said child shall attain the age of twenty-one years, or sooner die, and upon such child attaining the age of twenty-one years, to pay over all accumulations of such income to such child and thereafter to apply the income and interest of such share to the use of such child during the remainder of his or her natural life; and upon the death of such child before or after his or her attaining the age of twenty-one years, to assign, transfer and set over such

share to the children, if any, of such child, the issue of a deceased child to take the share the parent would have taken if living, and in case of the death of any child of mine leaving no issue him or her surviving, to assign, transfer and set over the share intended for such child to my then surviving issue, by representation and not *per capita*."

The daughter Martha died under age, intestate and unmarried, leaving her sister Rosalie surviving, an infant under the age of fourteen.

At the time Martha died the accumulations of income upon her share of the trust estate amounted to nearly thirty-seven thousand dollars, which is claimed by her mother as administratrix of her estate, and is also claimed by the guardian *ad litem* of Rosalie, her surviving sister.

The single question presented by this appeal is whether the accumulations of income upon Martha's share vested as they were paid in, or was the vesting postponed until she attained the age of twenty-one years?

This precise point has never been directly passed upon by this court, and the opposing views of learned counsel have been fully presented.

Before considering the effect of the statute relating to the accumulations of personal property we will examine the will and ascertain the intent of the testator.

It will be assumed that the testator did not intend to die intestate as to any portion of his estate.

The scheme of the will seems to us clear, and the testamentary intent fully disclosed.

So long as both of his daughters lived neither had any interest in the principal of the estate; until she attained her majority she was entitled to so much of the income of her trust as was necessary in the judgment of the trustees, and the remainder was to be accumulated until she attained the age of twenty-one years; at that time she was entitled to all accumulations of income, and thereafter received the income of the principal sum during life. If her sister died before or after attaining the age of twenty-one years, leaving no issue, the

trustees were directed "to assign, transfer and set over the share intended for such child to my then surviving issue," etc.

The learned counsel for the appellant insists that the words, "the share intended for such child," carry with them the income not used during minority, and that the true meaning of the will is that the income was designed for the use of the infant during minority, and the surplus was intended for her if she reached majority, but not otherwise; that until she attained her majority she had only a presumptive or conditional right to the income.

We are unable to adopt this view; but, taking the whole will together, we think it was the intention of the testator that all accumulations of income during infancy should vest at once, and only the time of payment or enjoyment was postponed until majority.

It was obviously the intention of the testator to discriminate between principal and income; if a child died the principal of her share passed to her issue, or to testator's other issue, or to collaterals, but the income was dealt with as a distinct fund.

Until a child died she took absolutely the entire income of her share.

When the testator, in the event of a child's death, directed transfer of "the share," he employed accurate language used in other portions of the will to describe the principal sum.

We do not, however, share the doubts expressed by the learned General Term as to the testator's power to make such disposition of the accumulated income of an infant dying during minority as he might see fit; there is no legal objection to bequeathing the same to any person whether a minor or of full age, and such a provision in a will would not violate the statute which provides that accumulations must be for the benefit of minors.

When a minor dies, for whose benefit accumulations of income have been directed, it is competent for the testator to dispose of them in the same manner as any other portion of his estate, provided they have not vested in the infant as paid in.

While we rest our decision in this case on the provisions of the will, we are also of opinion that it is the policy of the statute permitting the accumulations of personal property for the benefit of a minor (1 R. S. 773, § 3) that they should vest in the infant beneficially when received, and it is only payment over that is postponed until the expiration of the minority.

This construction of the statute finds confirmation in the provision (1 R. S. 774, § 5) to the effect that when any minor, for whose benefit a valid accumulation of the interest or income of personal property shall have been directed, shall be destitute of other sufficient means of support or of education, the chancellor may cause a suitable sum to be taken from the moneys accumulated, or directed to be accumulated, and to be applied to the support or education of such minor.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____