In re LEHMAN.

(Supreme Court, Appellate Division, First Department.    March 20, 1896.)

WILLS—CONSTRUCTION—NATURE OF ESTATE.

Testator gave to his granddaughter $5,000, "to be paid to her when she arrives at the age of 21 years, with interest, to be computed from the date of my death, at the rate of five per cent. per annum," and directed that, should she die before arriving at 21 years of age, it should go to her heirs, and, in default of issue, to his legal heirs. *Held*, that the estate vested in the granddaughter at testator's death.

Appeal from surrogate's court, New York county.

Petition of Edward Lehman, as guardian of Selma Lewinski, for the payment of the income from a legacy to her by the last will and testament of Abraham Ostheim, deceased, to which Moses Weil and another, executors of the estate, filed an answer. From an order directing the executors to pay over to the guardian $25 per month during the next ensuing three years for the support and maintenance of the ward, the executors appeal.    Affirmed.

The payment was directed to be made from the income accumulated and to be accumulated from a legacy of $5,000 given to the infant by the testator under the tenth clause of his will, which reads as follows: "Tenth. I give and bequeath to my granddaughter, Selma Lewinski, the child of my deceased daughter, Hannah Lewinski, the sum of five thousand dollars, to be paid to her when she arrives at the age of twenty-one years, with interest, to be computed from the date of my death, at five per cent. per annum. Should my said granddaughter die before arriving at the age of twenty-one years, then the bequest hereby made shall go to her issue, and, in default of issue, then the said bequest of five thousand dollars shall go to my legal heirs, under the laws of this state.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

J. H. Rogan, for appellants.
Oscar Richter, for respondent.

BARRETT, J.    The gift here of $5,000 is absolute.    The sum is to be paid to the legatee when she attains her majority.    But the legacy rests upon the death of the testator, though payment is postponed. Bushnell v. Carpenter, 92 N. Y. 270.    The vesting is not affected by the provision that it is ultimately to be paid with interest.    It was held in Smith v. Parsons, 146 N. Y. 116, 40 N. E. 736, that an accumulation of interest payable to a legatee at majority vested at once, and, upon the legatee's death during her minority, passed to her personal representatives.    The intention of the testator here was not to postpone the vesting of either principal or interest, but merely to postpone the period of enjoyment in possession, and, in so postponing such period, to secure to the legatee the intermediate usufruct. The legacy is thus vested, with its accruing fruit.    Nor is this result

changed by what follows.   The gift over in case of the death of the legatee during minority, instead of suspending the vesting ab initio, denotes that the prior words point merely to the period when the legacy becomes absolute in enjoyment.   See Mr. Bigelow's note, page 855 of Jarman on Wills (5th Ed.).   Jarman (page 850) says that, if the testator has given over the fund in case the legatee dies before the time named without issue, from which it is to be inferred that the legatee is to retain it in every other case, the natural conclusion is that 'the word is to be read as meaning "payable" or "indefeasible," and that the gift is vested, liable only to be divested on a particular contingency.   By the provision that upon the death of the legatee the bequest shall go to her issue, and, in default of issue, to the testator's heirs, such issue or heirs, as the case might be, will take as substituted legatees, upon the happening of the prescribed event, namely, the death of the original legatee.   These ulterior dispositions do not affect the main question.   They are equally appropriate whether the legacy was vested or contingent.   Consequently they throw no light upon the testator's intention, nor do they vary the clear expression of that intention to be found in the preceding provision. The surrogate had authority, under chapter 173 of the Laws of 1891, to make the order in question.   Whether it should be made was a matter of discretion, which the record shows was fairly exercised. The surrogate was not bound to put the estate to the expense of a reference to ascertain the necessity for this trifling allowance.   The petition is supported by an affidavit, while the executors rested upon an answer to the petition merely ignoring the essential facts, and not denying what is stated in the affidavit.

The order should be affirmed, with costs.   All concur.