In re WAGNER.

(Supreme Court, Appellate Division, First Department.   March 6, 1903.)

1. MINORS—SUPPORT—ACCUMULATION OF INCOME.

Under Laws 1897, c. 417, § 4, providing that an accumulation of income of personal property shall be allowed to continue only during the minority of the person for whose benefit it is directed, and section 5, providing that when a minor, for whose benefit a valid accumulation of income of personal property has been directed by will, shall be destitute of other sufficient means of support or education, the surrogate's court may cause a suitable sum to be taken from the moneys accumulated to be applied to his support and education, where testator, in a will probated after such act took effect, directed that the income of a certain fund should accumulate until a certain grandson reached his majority, and be then paid to him, provided that, if he died before such time, the principal and accumulations should be paid to persons designated, an allowance could be made out of such accumulations for the support and education of the grandson, notwithstanding such proviso.

Van Brunt, P. J., dissenting.

Appeal from Surrogate's Court, New York county.

Application by Mary E. Wagner, as guardian of George D. Wagner, an infant, for an allowance out of certain accumulations of a trust fund created for his benefit of a sum for his education and support. From an order of the Surrogate's Court denying the application, petitioner appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

C. C. Sanders, for appellant.
William C. Orr, for respondent.

INGRAHAM, J.   The petitioner, as general guardian of George D. Wagner, an infant, presented to the Surrogate's Court a petition asking that the sum of $550 be advanced out of the accumulations of income on a trust fund of $10,000, the income of which had accumulated for the benefit of such infant.   By the will of Bryan Lawrence, which was admitted to probate in the county of New York on the 18th day of May, 1896, his executors were directed to retain in trust and invest the sum of $10,000, "and to retain and accumulate the net income and interest thereof during the minority of George Wagner, minor, son of my said granddaughter, Mary E. Wagner, and at the expiration of the minority of the said George Wagner to immediately pay over to him such accumulation.   *   *   *   If, however, the said George Wagner shall have died before arriving at the age of twenty-five years, leaving issue him surviving, then at his death to divide and pay over the said principal sum of $10,000, and any accumulation

80 N.Y.S.—50

of interest or income then on hand, absolutely, in equal shares, to and among his said issue. But if the said George Wagner shall die before he shall arrive at the age of twenty-five years, leaving no issue him surviving, then at his death to divide and pay over the said principal sum of $10,000, and any accumulation of interest or income thereof then on hand, to and among his sister, Mary Wagner, and his brother, Eugene Wagner." The petition alleges that there is a sum in excess of $2,000 of the income of this trust fund, which has been accumulated by the executors under this provision of the will; that George D. Wagner was 15 years of age on April 14, 1902, and has no property of any kind except his interest under the will of Bryan Lawrence, deceased, and that the sum of $550 is necessary for his education and clothing; that the father of George D. Wagner is dead, and the petitioner, the mother, has an income of only $2,000 a year, which is necessary for the support of herself and her children; that she has no other means for paying for the education and clothing of the infant, unless he be allowed this amount out of the accumulated income of this legacy for his benefit. Counsel for the respondent expressly stated upon the argument that there was no question about the propriety of making the allowances, or the fact that there was an amount of accumulated income in their hands exceeding the amount asked for, but that he deemed it his duty to present to the court the question as to whether or not it had authority to direct this accumulated income to be applied to the benefit of the infant as requested.

The application was made under section 5 of the personal property law (chapter 417, Laws 1897). It is there provided:

"When a minor for whose benefit a valid accumulation of income of personal property has been directed shall be destitute of other sufficient means of support or education, * * * if such accumulation shall have been directed by a will, the Surrogate's Court of the county in which such will shall have been admitted to probate may, on the application ¡of such minor or his guardian, cause a suitable sum to be taken from the moneys accumulated, or directed to be accumulated, to be applied to the support and education of such minor."

The learned surrogate was of the opinion that, as the infant had but a contingent interest in the legacy in question and in the income and the accumulations thereof, as upon the death of the legatee before reaching majority both the principal of the legacy and the accumulations of income were, by the will of the decedent, given to other persons, the application should be denied; and the only question presented is whether section 5 of the personal property law applies where the will contains a direction that upon the death of the infant prior to his arriving at the age of 21 years the accumulation of income then on hand should be paid to the person therein named. At the time the will was admitted to probate the provisions of section 5 of the personal property law were in force, that section being a substantial re-enactment of chapter 173 of the Laws of 1891. The will was, therefore, made subject to the provisions of this act. The object for which there can be a valid direction for the accumulation of income of personal property is stated in section 4 of the personal property law. That section provides that such an accumulation of income is valid if directed to commence from the date of the instrument, or the death of the per-

son executing the same, or subsequent to the death of the person executing it, and directed to commence within the time allowed for the suspension of the absolute ownership of personal property, and to continue during the minority of the persons for whose benefit it is intended, and to terminate at or before the expiration of their minority; and that all other directions for the accumulations of the income of personal property are void. A direction to accumulate the income of personal property, to be valid, must, therefore, be for the benefit of an infant, and terminate at or before the expiration of the minority. Immediately following this section is the section under which this application is made.

There is no reason to give a different interpretation to the words "for the benefit of the infant," as contained in these two sections. The direction to accumulate the income upon this legacy during the minority of this infant, to be valid, must have been made for the benefit of the infant; and by section 5 of the act, where a minor for whose benefit a valid accumulation of income has been directed is destitute of other sufficient means of support or education, the court can direct that such a portion of the accumulation of income as is necessary shall be applied for that purpose. The Court of Appeals seems to have held in the case of Smith v. Parsons, 146 N. Y. 116, 40 N. E. 736, that the provision of a will which directs a payment of accumulations made for the benefit of an infant to others in case the infant should die prior to his arriving at the age of 21 is valid, and therefore must have held that such a direction in a will does not prevent the accumulation from being for the benefit of the infant, as it is only where an accumulation for the benefit of an infant is authorized that such an accumulation is valid. If, therefore, this accumulation of income is for the benefit of this infant, then the provisions of section 5 of the personal property law apply, and the court had power to make the application. The difference in the provision in relation to the anticipation of the accumulation of rents and profits of land and income of personal property is suggestive. By section 52 of the real property law (chapter 547, Laws 1896) it is when the rents and profits are directed to be accumulated for the benefit of a "minor entitled to the expectant estate" that the court is authorized to apply the accumulation to the support of the infant, but in relation to personal property the only restriction is that the income should be accumulated for the benefit of the infant. We think, therefore, that the accumulated income of this trust fund comes within the provisions of section 5 of the personal property law.

This conclusion is the same as that reached by this court in Matter of Lehman, 2 App. Div. 531, 37 N. Y. Supp. 1086, where it was held that such an allowance was proper, although the will contained a provision that upon the death of the infant before arriving at the age of 21 years the bequest should go to her issue, or, on the failure of issue, to the heirs of the testator. There is nothing in Smith v. Parsons, supra, that is in conflict with this construction of the statute. The question there presented was whether the accumulation of income vested absolutely in the infant, or became a part of the principal, and passed to the persons who were to be entitled to the property upon

the death of the infant; and it was held that under the will then before the court the accumulations of income vested absolutely in the infant. We think, therefore, that this income in the hands of the trustees was accumulated for the benefit of the infant within section 5 of the personal property law, and that the court had power to grant this application. As before stated, the necessity of making an application of a portion of the accumulated income of this trust fund was not denied by the executors, and there seems to be no reason why the parties should be put to the expense of further proceedings before the surrogate.

Our conclusion is that the order appealed from should be reversed, and the application granted, with $10 costs of the application, and $10 costs and disbursements of this appeal, to be paid by the executors out of the accumulated income in their hands. All concur, except VAN BRUNT, P. J., who dissents.