(101 App. Div. 189)

## In re RANKEN et al.

(Supreme Court, Appellate Division, Second Department. January 27, 1905.)

1. WILLS—ACCUMULATIONS—VESTED INTERESTS.

Testator provided that, after payment of certain fixed charges on the principal of his estate, the income and so much of the principal as might be necessary should be applied exclusively to the maintenance of an infant son, and that on the son reaching majority he should receive the real estate and appurtenances in question, together with any surplus income accumulated therefrom during his minority, "absolutely," to have and to hold the same to him, his heirs and assigns forever. Held, that the accumulations vested in the son at once, the time of payment or enjoyment only being postponed until majority.

Appeal from Surrogate's Court, Kings County.

Petition by John M. Ranken and others for the removal of Michael Donovan and Cartwright McBride as executors and trustees under the will of Bessie C. Donovan, deceased. From an adverse order of the surrogate, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

G. G. Reynolds, for appellants.

Jesse W. Johnson, for respondent.

JENKS, J. The sole question is whether the accumulations of income vested as they were paid in, or whether vesting was postponed

until the majority of the infant. The scheme of the testator was that, after the payment of certain fixed charges upon the principal, the income, and so much of the principal as might be deemed necessary, should be applied exclusively to the maintenance of the infant, and that when he attained majority he should take the principal of the estate absolutely. The testator did not intend to create a fund from accumulations of income during this minority, but the provision for the payment of any accumulations was made in view, and only in view, of the contingency that the income should be more than sufficient for maintenance during minority. I think that the rule of Smith v. Parsons, 146 N. Y. 116, 40 N. E. 736, must obtain. The sole question in this case was the sole question in that case, and the court say that the precise point then considered had never been directly passed upon by that court. The court held that the accumulations vested at once, and that only the time of payment or enjoyment was postponed until majority. The essential features of the will construed in Smith v. Parsons and of this will are similar. The scheme of the will in Smith v. Parsons was to collect the interest, and to apply the same, or so much thereof as the trustees deemed necessary, and to accumulate the remainder, and, "upon such child attaining the age of twenty-one years, to pay over all accumulations of such income to such child." In this case the direction is, "and upon my said son Henry Ranken Donovan reaching the age of twenty-one years I do hereby give and devise the said real estate and appurtenances thereunto belonging, to him my said son Henry Ranken Donovan, together with any surplus income accumulated therefrom during his minority absolutely, [sic] to have and to hold the same to him, his heirs and assigns forever." I can see no substantial difference between these directions as to the disposition of any surplus or accumulation of income.

It is insisted that the use of the word "upon," followed by a direction to convey, indicates a postponement of the vesting. But the authorities cited deal with the principal, and not the income. In this case the income is not regarded as a fund, but, as it is paid in, it is to be used entirely, if necessary, and the direction as to the surplus relates merely to "any surplus income accumulated"; i. e., in the event of there being such accumulation. In Smith v. Parsons, supra, the direction was "upon" such child attaining the age of 21 years. If we were considering a fund or a principal, strong if not controlling light would be cast upon the intent by the provision that authorized the application thereof to the use of the infant during his minority. Thus, in Everitt v. Everitt, 29 N. Y. 39, the court say (page 76):

"That he considered that the estate would be theirs from the time of his death is evinced by the provision allowing the whole income, and such parts of the capital as might be necessary, to be expended in their education and support, and in the direction for the advancement of portions to two of them, and of outfits to any of them in case of marriage while under age, out of their respective shares. These directions would oblige us to hold that the legacies were vested interests if the words of direct gift had not been inserted. Patterson v. Ellis' Ex'rs, 11 Wend. 260."

Each party lays stress upon the word "absolutely." The respondents insist that it contradicts any intent of present vesting; the appellants, that it imports a previous title. I think that it loses much of its force

as to the accumulations of income from the fact that it is used in a sentence whose primary purpose is to devise the real estate—the principal —and the provision for such accumulations is a subordinate and almost a parenthetical clause thereof.   It is said in Smith v. Parsons, supra, that it will be assumed that the testator did not intend to die intestate as to any portion of his estate.   I think that the scheme of this will reveals that the testator did not so intend.   For she makes specific provision for all of her estate, unless we hold that she intended that "any accumulations .of income" should not vest as they were paid in. These specific provisions, moreover, absolutely exclude those who would take any accumulations if the vesting thereof were thus postponed.

I think that the order should be reversed, with costs.   All concur.