(56 Misc. Rep. 88.)

### ORANGE COUNTY TRUST CO. v. MORRISON et al.

(Supreme Court, Special Term, Orange County. September, 1907.)

1. WILLS—CONSTRUCTION—VESTING OF ESTATE.

Testatrix bequeathed to each of her nephews, A. and B., and a niece, a certain number of shares of corporate stock, with a provision that it should be held in trust for seven years from her death if that occurred be-

*For opinion of Appellate Division, see 106 N. Y. Supp. 308.

fore a certain date, or from that date if she lived longer, "the said heirs" to receive the dividends from her decease, and that in case of the death of A. within seven years, without child or children, the shares bequeathed to him were to go to the children of C. In no event were the shares to be delivered to the legatees until the expiration of seven years. *Held*, that the legacies as to B. and the niece vested absolutely on the death of testatrix, and the legacy to A. vested on her death, subject to be devested by his death within the seven years.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1472–1487.]

2. PERPETUITIES—SUSPENSION OF ALIENATION.

A devise to A. of corporate stock, the stock to be held in trust for seven years after the death of testatrix, with a provision that on his death within the seven years, without children, the shares bequeathed should go to certain other persons, is valid; the suspension of the absolute ownership of said stock being measured by the life of A.

Action by the Orange County Trust Company, executor of Catherine W. Morrison, against George M. Morrison and others, to construe a will. Judgment for defendants.

Henry W. & Russell Wiggins, for plaintiff.

John W. Lyon and Finn & Finn, for defendants.

TOMPKINS, J. This action is for the construction of the first clause of the will of Catherine W. Morrison, deceased. The clause in question reads as follows:

"Item I. I give, bequeath and devise unto my nephew George M. Morrison, son of my brother John H. Morrison, deceased (10) ten shares of the capital stock of the Sussex National Bank of Newton, N. J., and to my nephew, Frank Morrison (10) ten shares of the said Sussex National Bank of Newton, N. J."

"And to my niece Catherine Carpenter (6) six shares of the capital stock of the said Sussex National Bank of Newton, N. J., to them and to their heirs and assigns forever subject to the following conditions: That the said capital stock shall be held by my executors in trust for the period of seven years, from the date of my death. Should I decease on or before the date of January 1, 1901, they the said heirs to receive the dividends on said stock from the date of my decease. But, should I survive this period, or a portion of it, then, the time to be computed from the above named date, January 1, 1901, until the said seven years shall have expired, and then said stock shall be delivered to them, my said nephews and niece, to keep and to hold, to them, their heirs and assigns forever; except should it be, that at or before the expiration of the said seven years from the said date of January 1, 1901, that the said George M. Morrison should decease without child or children, then in that event the said (10) ten shares of the capital stock of the said Sussex National Bank shall go to the children of my brother James V. Morrison, to be divided equally share and share alike."

The plaintiff's claim is that the absolute power of alienation of the shares of stock sought to be bequeathed is unlawfully suspended for a longer period than two lives in being at the date of the death of the testatrix. My conclusion is that there is no unlawful suspension of the absolute ownership of the shares of stock, or of the power to sell, assign, or otherwise dispose of them. By the clause in question the testatrix gives to George ten shares, to Frank ten shares, and to Catherine six shares; there being three distinct and separate lots of shares and three distinct and separate bequests. The substance of the conditions imposed is that in no event shall the shares be delivered to the legatees until the expiration of seven years from the 1st day of January,

1901; and plaintiff's contention is that the vesting of the gifts does not occur until the expiration of that period, and that the vesting and distribution at that time must depend upon who are alive and entitled to take at that time, and that a trust has been created in the executors which offends the statute against the unlawful suspension of the power of alienation. It is to be noted that the shares of stock are not given by the will to the executors in trust, but are expressly given directly to the nephews and niece named. The gifts are absolute and immediate, and vested in the legatees upon the death of the testatrix; the time of the delivery of the property, however, in the case of Frank and Catherine, being postponed until the expiration of a period of seven years from January 1, 1901. In the case of George M. Morrison, if he survives the said period of seven years, the ten shares of stock are to be delivered to him; and, if he shall die before the expiration of said period, without child or children, said shares shall go to the children of James V. Morrison.

I think the intention of the testatrix was to, immediately upon her death, vest the title of the said property in her nephews and niece, merely suspending the time for the delivery thereof until the expiration of seven years from January 1, 1901, and providing that in the meantime the executors should hold possession of the shares of stock, paying the dividends to the legatees, and that, upon the expiration of said period, the said shares bequeathed to Frank and Catherine should be delivered to them, if living, or, if dead, to their heirs or assigns. There was no suspension of the power of alienation in respect to the shares bequeathed to Frank and Catherine. The will not only gives the shares directly to both nephews and the niece, but adds the words "to them and to their heirs and assigns, forever," giving to Frank and Catherine the right to sell and assign their shares, subject, of course, to the condition that the shares could not be delivered until January 1, 1908, and giving to George M., the said ten shares to be delivered to him should he survive the said period of seven years, the dividends in the meantime to be paid to him, and, in the event of his prior death, the shares to be delivered to the children of James V. Morrison. A mere postponement of the time of payment of a legacy or delivery of property does not make a legacy contingent or unlawfully suspend the power of alienation. Bushnell v. Carpenter, 92 N. Y. 270; Thomas, Laws of Estates Created by Will, 391.

Having in mind the rule that, by every reasonable intendment and by a liberal construction, the intention and purpose of the testatrix should be ascertained and given effect, I conclude that, as to Frank and Catherine, the legacies vested absolutely upon the death of the testatrix, and that, as to George M. Morrison, the legacy vested on the death of the testatrix, subject to be divested by his death, should it occur prior to January 1, 1908, the only suspension of absolute ownership being measured by his life. I accordingly direct judgment in favor of the defendants, adjudging that the provisions of the first clause or item of said will are legal and valid, and for costs to the defendants payable out of the estate. Submit findings in accordance herewith.

Judgment for defendants.