(73 Misc. Rep. 195.)

In re MALEY.

(Surrogate's Court, New York County. July, 1911.)

1. WILLS (§ 630*)—CONSTRUCTION—POSSESSION AND ENJOYMENT.

Testatrix directed her executrix to deposit $1,000 in a bank for the benefit of J., and pay the sum, with interest, to him at the age of 21 years, and, on his death before said period, to pay the same to his mother. *Held* not to import an intention that the gift over should only be effective in case of the death of J. during the lifetime of testatrix, and J., if he survived testatrix, should take the sum absolutely; payment only being deferred until the specified age.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 630.*]

2. WILLS (§ 858*)—CONSTRUCTION—LAPSED LEGACY.

Where testatrix directed money to be deposited in a bank for the benefit of J., and to be paid to him with interest when he arrived at the age of 21 years, and, in case of his death before such period, the sum deposited to be paid to his mother, the legacy vested in J. on the death of testatrix subject to be divested by his death before reaching the age of 21 years, and, the gift over having lapsed because of the death of J.'s mother within the lifetime of testatrix, the legacy became a part of the residuary estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2173–2183; Dec. Dig. § 858.*]

In the matter of the accounting of Mary Maley, executrix of Jane Brennan. Decree rendered.

Isaac B. Reinhardt, for petitioner.
Paul Halpin, for executrix.

FOWLER, S. The will of the testatrix, who was a widow without children or other descendants, contains the following direction to her executrix:

"4. To deposit the sum of one thousand ($1,000) dollars in the Bowery Savings Bank in the City of New York, or other safe savings bank therein, for the benefit of Joseph Richard Hebblethwaite, son of Kate Hebblethwaite of No. 309 West 144th street, City of New York, and to pay said sum, with all interest thereon, over to Joseph Richard Hebblethwaite when he shall attain the age of twenty-one years; in case of his death before such period to pay said sum and interest to his said mother, Kate Hebblethwaite."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

The will was executed in 1884, and the testatrix died in 1899. Kate Hebblethwaite had predeceased her, dying in 1896, to the testatrix's knowledge. Joseph Richard Hebblethwaite survived both his mother and the testatrix, but died in 1908 at the age of about 19 years. At the time of his death the above-mentioned legacy of $1,000, with accumulations of interest, was on deposit in the Emigrants' Industrial Savings Bank in the city of New York in an account standing in the name of the executrix as trustee for Joseph Richard Hebblethwaite. Thereafter the executrix, proceeding upon the assumption that the legacy had failed, distributed the fund under the residuary clause of the will to the children of Fanny Maley, a deceased sister of the testatrix, the fund then amounting, with accrued interest, to the sum of $1,276.26. These facts inter alia appear from the petition and answer filed upon this application, which is made by the father of Joseph Richard Hebblethwaite to compel the respondent as executrix and trustee to account for and pay over the fund to him, he petitioning individually and also as general guardian of his surviving children and administrator of his deceased wife, Kate Hebblethwaite. Since the filing of the petition, the petitioner has made himself a party to the proceeding in the additional capacity of administrator of his deceased son, Joseph Richard Hebblethwaite, and the persons who upon the death of the latter participated in the distribution of the fund have been brought in by supplemental citation. The answer of the respondent has been treated as her account in accordance with the directions of the surrogate, and objections thereto have been filed by the petitioner.

The testimony taken upon the hearing was directed to showing that, when Kate Hebblethwaite was about four years old, she was to some extent adopted by the testatrix and her husband as their child, and it sufficiently establishes that she was taken into the house by old Mr. and Mrs. Brennan, and treated as one of their family prior to 1873, the year in which the first general statute was enacted authorizing adoptions. The evidence given in does not show any formal adoption, or even affiliation of Kate Hebblethwaite by Mr. and Mrs. Brennan. It is not now contended in the brief filed on behalf of the petitioner that such adoption created any rights of inheritance or brought the legacy within the protection of section 29 of the decedent estate law (Consol. Laws 1909, c. 13), which prevents the lapsing of legacies in certain cases. No such contention could be maintained. Carroll v. Collins, 6 App. Div. 106, 40 N. Y. Supp. 54; Matter of Thorne, 155 N. Y. 140, 49 N. E. 661; Smith v. Allen, 161 N. Y. 478, 55 N. E. 1056.

In the position now taken by the petitioner no rights are traced through Kate Hebblethwaite. [1] It is contended, in respect to the gift over to her of the legacy which was primarily given to Joseph Richard when he should attain the age of 21 years, that such gift over, though limited by the words of the will to take effect "in case of his death before that period," was not intended by the testatrix to have any effect unless Joseph Richard died before that period and during the lifetime of his mother. This somewhat artificial construction is

not warranted by any authority that the industry of counsel has brought to light. Support for it is sought in considerations drawn from the presumed intentions of the testatrix as indicated in other dispositions which she made of her property by her will; particular reference being made to the sixth paragraph of the will, in which a legacy of $700 bequeathed to Kate Hebblethwaite is directed to be paid to her surviving children in case of her death before payment; and it is argued therefrom that it was not the intention of the testatrix that any part of her bounty to the Hebblethwaites should be diverted from them to others. The difficulty in the present case seems to me to have arisen from the failure of the testatrix to provide in her will for a contingency which has happened. The court may not speculate as to the direction in which she would have sent this legacy had she contemplated its happening, though it may not be improper to observe that there is nothing in the will to indicate that she would have sent this fund to the petitioner, who will take the whole of it in his own right if his contention be sustained. Decedent Estate Law, § 98, subd. 7.

[2] My view of the matter is that the legacy vested in interest in Joseph Richard Hebblethwaite upon the death of the testatrix, but that it was subject to be divested by his death before reaching the age of 21 years, and was so divested (Matter of Lehman, 2 App. Div. 531, 37 N. Y. Supp. 1086; Matter of Dippel, 71 App. Div. 598, 76 N. Y. Supp. 201); that the gift over to Kate Hebblethwaite lapsed because of her death within the lifetime of the testatrix; and that by reason of such lapse the legacy fell into the residuary estate on the death of Joseph Richard Hebblethwaite before the age of 21, and was rightfully distributed to the residuary legatees under the general rule of law governing lapsed legacies.. The objections should, therefore, be overruled.

Decreed accordingly.