THE PEOPLE OF THE STATE OF NEW YORK ex rel. ADALINE H. FRELINGHUYSEN and Others, as Trustees of the Trust Created for the Benefit of HORACE HAVEMEYER, JR., by Deed Dated the 31st Day of July, 1917, and Supplemental Deed, Dated the 27th Day of June, 1922, Made, Executed and Delivered by LOUISINE W. HAVEMEYER, Relators, v. MARK GRAVES, President, and Others, Constituting the State Tax Commission, Respondents.

Third Department, January 8, 1936.

*Parsons, Closson & McIlvaine* [*William M. Sperry, 2d*, and *Henry B. Closson* of counsel], for the relators.

*John J. Bennett, Jr., Attorney-General* [*Joseph M. Mesnig, Assistant Attorney-General*, of counsel], for the respondents.

McNAMEE, J. On July 31, 1917, Louisine W. Havemeyer executed and delivered a deed of trust, and transferred to the trustees therein named a large quantity of securities and money. This deed created separate trusts for eleven grandchildren of the donor to be executed as therein directed, and also provided for subsequent additions to the trust fund. On June 27, 1922, the donor executed and delivered to the same trustees a supplemental deed of trust for the benefit of a later born and twelfth grandchild, and added to the corpus of the trust fund a quantity of securities, so that the share of the twelfth grandchild would be equal to that of each other grandchild, and provided that the additional trust should be executed in the manner specified in the original deed. The donor was a resident of New York, as is the grandchild Horace Havemeyer, Jr., and the trusts were there created, and executed.

The income from the trusts was invested, sales were made of securities in which income was invested, and profits were thereby realized; but no part of the income realized from the trust fund, nor of the profits or income of the invested income, was used for the support or education of any of the beneficiaries. On the contrary, it is stated in both of the briefs that because of the financial condition of the parents of these grandchildren, the donor deemed it improbable that any of the income or profits would ever be used or needed for their support or education; and the entire amount thereof was and now is retained by the trustees. Books of account were kept by the trustees in which the net income and profits of each share were entered to the credit of the respective beneficiaries. All of the moneys received from the trusts, whether corpus or income, were deposited in New York in a single bank account in the name of the trustees; and all of the securities were kept in the same bank in a similar manner. None of the income was derived from sources within the State; and certain of the beneficiaries are non-residents. While only the interests of the beneficiary Horace Havemeyer, Jr., are affected by this proceeding, the remaining *cestuis que trustent* are similarly circumstanced.

No tax return to the State of New York for the year 1929 was made by the trustees, of the income from the trust fund, or of the profits realized on the sale of income investments, and no tax was paid thereon. On March 27, 1931, the State Tax Commission made an assessment for additional income tax for the year 1929

against the trusts held for the benefit of the twelve grandchildren, on the theory that the income received from the respective trusts and the profits realized from the sale of income investments were held by the trustees " for future distribution under the terms " *of the trust,* and were accordingly taxable to the trust as an entity under section 365, subdivision 1, paragraph c, of the Tax Law, rather than to the beneficiaries. The tax thus assessed was paid by the trustees, who now seek by way of certiorari to review the determination, and to correct the assessment. The relators contend that the income from the trust fund vested in the beneficiaries when it was received, set apart, and credited to them respectively on the books of the trustees; and that it thereupon became the property of the beneficiaries, not subject to future distribution, and not taxable as property belonging to the trust.

Thus the question is whether the income for 1929 in the hands of the trustees, is " income held for future distribution under the terms of the * * * trust," within the meaning of the statute mentioned. The provisions of the deed of trust, and the intention of the donor as therein expressed, considered in the light of the statute, must form the basis of our decision. The first paragraph of the deed directs the investment of " the Trust Fund of the several shares thereof and of proceeds thereof and results of sales thereof." The third paragraph directs the trustees " to collect and receive the interest and income thereof and to apply the same to the use of such children in equal shares." And the sixth clause directs the trustees to " accumulate any part of the income of the share of such grandchild which may not be required for his or her support, maintenance and education * * *, until such grandchild shall reach the age of twenty-one years * * *; and thereupon to pay over such accumulations to such grandchild."

If a pursuit of the terms of the trust deed were to end here, and the present title to the income were involved, the view might well be taken, and supported with authority, that the income when collected, set apart and earmarked for each grandchild, as it was in this case, became a part of his vested estate, and would be taxable to him. The Court of Appeals has held, where the trust provided that accumulations of income in excess of the needs of the beneficiary should be accumulated and paid over upon reaching majority, that they vested when received, and became part of the estate of the beneficiary. This holding was based, as there stated, not only upon trust provisions very similar to those above mentioned, but also upon " the policy of the statute permitting the accumulations of personal property for the benefit of a minor." (Citing 1 R. S. 773, § 3, now Pers. Prop. Law, § 16;

*Smith* v. *Parsons*, 146 N. Y. 116.) And the rule does not appear to be altered whether the income is held by the trustee appointed by the trust instrument, or turned over by him to another fiduciary of a *cestui que trust*. (*Ordway* v. *Wilcutts*, 12 F. [2d] 105, 109, *et seq.; Wilcutts* v. *Ordway*, 19 id. 917, 919.)

But the deed of trust now before the court contains another and vital provision in addition to those above mentioned. By paragraph marked ninth the donor directs that the *share* of each grandchild who shall die before reaching his majority, and " any accumulations thereon " shall be paid over by the trustees to the other persons therein specified; and in the same paragraph it is again provided that if the grandchild die during minority, and other contingencies arise, the *corpus* of the estate and " such accumulations " shall be paid to his next of kin. Although the donor in paragraph sixth directed all of the accumulations to be turned over to the beneficiaries on reaching majority, she makes an entirely different disposition of these accumulations in the ninth paragraph. And so, whether the interest of the beneficiaries in the accumulations be regarded as vested or not, or regarded as vested subject to being divested, the beneficiaries must attain full age before being entitled to receive them. And until that time arrives, apart from support and education, the trustees by the terms of the trust are required not only to collect and accumulate the income, but to hold it. Under these provisions the trustee is not holding the accumulations as the fiduciary of a particular beneficiary alone, but also, under the mandate of the trust deed, for the benefit of all the trusts, and all those who may take an interest in the accumulations upon the death of one or more of the beneficiaries before attaining full age.

Our conclusion is that the accumulations are not presently assignable, save only for support and education, and that the trustees of the trusts are holding the funds in question subject to future distributions under the terms of the trust, within the meaning of the Tax Law.

Accordingly, the assessment was properly levied against the trust estate, and the determination of the Tax Commission should be confirmed, with costs.

HEFFERNAN, J., concurs; HILL, P. J., and RHODES, J., concur in the result; BLISS, J., dissents on the authority of *Smith* v. *Parsons* (146 N. Y. 116); *Ordway* v. *Wilcutts* (12 F. [2d] 105); *Wilcutts* v. *Ordway* (19 id. 917).

Determination confirmed, with fifty dollars costs and disbursements.