In the Matter of the Estate of JULIA A. REILLY, Deceased.

Surrogate's Court, Bronx County, April 20, 1939.

*Gabriel J. Dalton*, for the petitioners.

*Paul E. Mead* [*Charles Keith Uren* of counsel], for Irving Trust Company.

HENDERSON, S. In her will the decedent directed a valid accumulation of income of personal property for the benefit of an infant who now seeks, jointly with his guardian, the application of such income amounting to $228.69 towards his education.

The alleged lack of other means for this purpose is not denied by the trustee. It urges, however, that as the testatrix has provided for gifts over of the accumulated income upon the death of the beneficiary during infancy, all persons having a contingent interest in such income should be brought in so that they may be concluded by any order entered herein.

The trustee represents all the beneficiaries, contingent or otherwise, of its trust, and its action, in the absence of fraud or collusion, is binding upon them. A determination herein which binds it in its representative capacity binds them also. They are not

necessary parties to this application. (*Matter of Haag*, 100 Misc. 249.)

The testamentary provisions for gifts over of the accumulated income to other persons in the event that the infant does not attain his majority are lawful (*Smith* v. *Parsons*, 146 N. Y. 116), but they do not deprive the infant of the benefit of the statute authorizing the grant of this application. (Pers. Prop. Law, § 17; *Matter of Wagner*, 81 App. Div. 163.)

Application granted. Settle order.