Sidney A. Fine, J.
Plaintiff, a leading manufacturer of toll collection systems and equipment, has brought this action for damages and injunctive relief against (a) the corporate defendants (and their officer-director Broggi), who have recently become active competitors of plaintiff, and (b) a group of plaintiff’s former employees who have entered the employ of one of the corporate defendants, Electronic Signal Company, Inc., and are hereinafter referred to as the “ employee defendants ”.
The amended complaint sets forth six causes of action. The first cause of action, directed against all the defendants, in brief, makes the following allegations:
Through costly research and experimentation plaintiff has developed many novel, unique and secret machines, devices and systems used in the toll collection field. As part of its sales effort it has also compiled, at great cost, a large amount of confidential information regarding the needs of prospective customers (comprised largely of public agencies), the type, nature and cost of the system and equipment best suited therefor, and the bids to be made by *109 plaintiff. It has, in addition, trained a large force of skilled engineers and mechanics. It has kept the information regarding the foregoing matters confidential and secret, divulging it only to trusted officers and employees when and as necessary to the discharge of their duties. The employee defendants during the course of their employment with plaintiff had access to and became familiar with such confidential and secret information, including confidential details concerning plaintiff’s proposed bids and pending negotiations with prospective customers, one of such defendants, Jacobson, having been plaintiff’s vice-president in charge of sales, and another, Schwartz, having been its chief manufacturing engineer.
In or about December, 1956 the corporate defendants, in furtherance of their plan to enter into active competition with plaintiff in the manufacture and sale of toll collection equipment, induced the employee defendants to disclose to the corporate defendants much of the secret and confidential information concerning plaintiff’s business which they had acquired in the course of their employment, and to terminate their employment with plaintiff and enter into the employ of defendant Electronic. The employee defendants thereafter left plaintiff’s employ and entered Electronic’s employ, and have disclosed the secret and confidential information in question to the corporate defendants, and have solicited the business of plaintiff’s customers and prospective customers. The employee defendants, unless restrained, will continue to disclose such secret and confidential information to the corporate defendants and the latter will continue to use such information for their benefit to plaintiff’s injury. Injunctive relief is accordingly sought.
The second cause of action, also directed against all the defendants, incorporates by reference the first 38 of the 40 paragraphs comprising the first cause of action. It then goes on to elaborate on the allegations of the first cause of action with respect to the disclosures made by the employee defendants to the corporate defendants of plaintiff’s confidential and secret information, and the use made thereof by the corporate defendants in soliciting plaintiff’s prospective customers, and alleges that plaintiff as a result was deprived of business which it would otherwise have obtained. An award of damages is sought.
The third cause of action, directed against the corporate defendants and two of the employee defendants, Jacobson and Schwartz, similarly incorporates the first 38 paragraphs of the first cause of action. It then goes on to allege that such defendants have been attempting to induce one of the plaintiff’s subcontractors, Alko Manufacturing Corporation, to breach its existing contract with plaintiff. It is alleged that Alko, through its association with plaintiff, became privy to many of plaintiff’s trade secrets and much *110 of plaintiff’s secret and confidential information, and that its contract with plaintiff, made in October, 1956, obligates it during the term of the contract and for three years thereafter not to disclose any of plaintiff’s trade secrets or secret processes to any other person or firm and not to render any services for any of plaintiff’s competitors. The said defendants are charged with attempting to induce Alko to breach that contract in both of such respects, and injunctive relief is sought.
The fourth cause of action, directed against the three defendant corporations, also incorporates by reference the first 38 paragraphs of the first cause of action. It then goes on to allege that at the time such defendants decided to enter into competition with plaintiff, they had no staff of employees trained and skilled in the field, and that they “ wilfully and maliciously induced the employee defendants to terminate their contracts of employment with the plaintiff and to breach their fiduciary duties to retain plaintiff’s trade secrets inviolate and to enter into the employ of the defendant Electronic ”. Defendants’ purpose, it is alleged, was to appropriate plaintiff’s good will and trade secrets and other confidential information, and to destroy plaintiff’s business by depriving it of a number of its key employees. An award of damages is sought.
The fifth cause of action, directed against the three defendant corporations and four of the employee defendants, incorporates by reference the first 38 paragraphs of the first cause of action and two of the paragraphs of the fourth cause of action. It is then alleged chat such defendants have solicited and are attempting to induce many of plaintiff’s remaining key employees to terminate their employment with plaintiff, to enter into defendants’ employ and to breach their fiduciary duty not to disclose plaintiff’s trade secrets. It is further alleged that defendants are acting “ wilfully, wrongfully and maliciously ” for the reasons set forth in the fourth cause of action, and that they will continue to so act unless restrained. Injunctive relief is sought.
The sixth cause of action, directed against all the defendants, incorporates by reference practically all of the preceding paragraphs of the complaint. It is then alleged that since prior to December, 1956 and thereafter defendants have conspired with each other and have designed and schemed to destroy plaintiff’s business and eliminate it as a competitor of defendant Electronic, and in furtherance thereof have committed certain specified acts. The acts specified consist of a restatement, with some elaboration, of the various acts charged to the several defendants in the preceding causes of action. An award of damages is then sought.
Both groups of defendants have made separate motions addressed to the amended complaint. All the defendants seek (1) an order *111 under section 241 of the Civil Practice Act striking out each of the causes of action on the score of failure to set out a plain and concise statement of the material facts upon which plaintiff relies; (2) in the alternative, an order requiring separate statement and numbering of allegedly distinct causes of action claimed to be commingled; (3) an order under rule 106 of the Rules of Civil Practice, dismissing the sixth cause of action as legally insufficient on its face; and (4) an order under rule 103 of the Rules of Civil Practice, striking out certain portions of three specified paragraphs of the amended complaint. In addition, the corporate defendants seek an order, pursuant to section 476 of the Civil Practice Act and rule 103 of the Rules of Civil Practice, granting judgment in their favor dismissing and striking out the various allegations in the complaint charging that such defendants induced plaintiff’s employees to leave plaintiff’s employ and enter defendant Electronic’s employ.
Plaintiff has made a cross motion for an order waiving the requirement of a notice of readiness and setting the case down for trial on a day certain.
The principal questions here raised áre presented by the commingling, within the same causes of action of the complaint, of the allegations charging the corporate defendants with inducing the employee defendants to leave plaintiff’s employ and enter defendant Electronic’s employ, with those relating to inducing the employee defendants to disclose plaintiff’s trade secrets and confidential information. Defendants urge that these allegations constitute in essence separate causes of action which have been improperly commingled by plaintiff, and that the allegations relating to inducing termination of employment, considered separately, are legally insufficient to constitute a cause of action. Plaintiff, on the other hand, contends that the allegations in question are properly combined in the complaint as a single, legally sufficient cause of action.
Both sides cite and rely on the recent decision of the Court of Appeals in Rampell, Inc. v. Hyster Co. (3 N Y 2d 369). The defendant Hyster Co. in that case was a manufacturer of trucks, cranes and parts, and the plaintiff was a distributor of its products. Under the contract between the parties, terminable by either at any time, plaintiff was required to make available to Hyster Co lists of its prospective customers, records of its activities, reports on its inventory and financial condition, and any other information regarding its business that Hyster Co. might reasonably require. One of the causes of action asserted by plaintiff was that said defendant had maliciously induced certain of plaintiff’s key employees to terminate their employment contracts with plaintiff and to enter said defendant’s employ, and had thereby been enabled to terminate plaintiff’s distributorship and appropriate plaintiff’s good will and *112 business without any break in salesman representation. There was no allegation in the complaint that the contracts of employment were for any definite term, and the court accordingly rules that they had to be deemed terminable at will. The court then cited the ruling in Coleman & Morris v. Pisciotta (279 App. Div. 656 [2d Dept.]) that interference with at will employment relationships “ would be actionable if the motive of the actor were solely to produce damage or the means used were unfair or dishonest ”, and it concluded that the complaint before it would be legally insufficient “ Absent the relation of confidence between the parties ” (3 N Y 2d 376). The court held, however, that the complaint did state a cause of action because of the existence of a confidential relation between the parties, as evidenced by the provisions of the contract between them, mentioned above, requiring plaintiff to make its various records available to defendant.
The precise impact of the Rampell decision (supra) on the instant case is not free from doubt. What is clearly established is that the employment agreements involved in the present case, as in the Rampell case, not being stated to be for any fixed term, must be regarded as having been terminable at will (Watson v. Gugino, 204 N. Y. 535, 541; Martin v. New York Life Ins. Co., 148 N. Y. 117, 121) and that there would ordinarily be no liability for inducing the particular employees to terminate such agreements unless the actor’s intent were solely to produce damage or “ the means employed were dishonest or unfair ” (Coleman & Morris v. Pisciotta, 279 App. Div. 656, 657, supra).
The “ means employed ” by the defendant in the Rampell case (supra) to induce termination of the employment agreements of the plaintiff’s employees in that case were presumably regarded as “ dishonest or unfair ” because they involved a breach of the Confidential relationship between the plaintiff and the defendant. There is manifestly no similar confidential relationship to be found between the plaintiff and the corporate defendants in the case at bar.
Plaintiff urges, however, that there was a confidential relationship between plaintiff and its employees by reason of their being entrusted with plaintiff’s trade secrets and other confidential information, and that the corporate defendants are chargeable with the use of “ dishonest or unfair” means in having induced the employees to breach such confidences by making disclosures thereof to such defendants. The difficulty with plaintiff’s position is that the allegations on which it relies with respect to inducing the disclosure of trade secrets and other confidential information, stand by themselves as a separate cause of action (cf. Byrne v. Barrett, 268 N. Y. 199), independently of the added allegations with respect to inducing termination of the employees’ at will employment contracts. That *113 plaintiff may be entitled to relief on the basis of the appropriation of its trade secrets and other confidential information, would not, it would seem, serve also to entitle it to an award of damages for the otherwise nonactionable acts of the corporate defendants in inducing the employee defendants to leave plaintiff’s employ, for else the result might be to sanction a double award of damages for a single actionable act.
Insofar as the amended complaint seeks to predicate liability on the mere inducing of plaintiff’s employees to leave its employ and to enter defendant Electronic’s employ, it would accordingly not seem to rest on a legally sufficient basis; and in such circumstances it is appropriate to grant a motion to strike, or for judgment, “ not only against a separate cause of action, but also against a distinct and independent act or specification of wrongdoing which does not give rise to a remedial legal wrong or which cannot serve as a basis for defendants’ liability and which, if dismissed, will not prejudice or embarrass the fair trial of the remaining specifications or issues (Melniker v. American Title & Guar. Co., 253 App. Div. 570, 571-572 [2d Dept.]; Myer v. Myer, 271 App. Div. 465, 476 [1st Dept.], affd. 296 N. Y. 979; cf. Kane v. Walsh, 295 N. Y. 198; Lowe v. Lowe, 265 N. Y. 197.) The corporate defendants are therefore entitled to have eliminated from the complaint, as material parts thereof, the allegations that such defendants have induced, or are inducing, employees of plaintiff to leave their employ.
As noted above, challenge is also made to the legal sufficiency of the sixth cause of action, charging a conspiracy on the part of all the defendants. It is, of course, well settled that “ Conspiracy to commit an actionable wrong is not in itself a cause of action ” (Rhodes v. Ocean Acc. & Guar. Corp., 235 App. Div. 340, 341 [4th Dept.]), and that “ Allegations of conspiracy, and proof of them, are immaterial except for the purpose of securing a joint recovery against all defendants.” (Original Ballet Russe v. Ballet Theatre, 133 F. 2d 187, 190 [2d Cir.].) As noted above, apart from the sixth cause of action, the second and fourth causes of action also seek awards of damages. While the second is directed against all the defendants, the fourth is directed only against the three defendant corporations. The sixth cause of action serves the purpose at least of seeking a recovery against all the defendants on the basis of the acts set forth in the fourth cause of action, and for that reason may not be condemned as legally insufficient, even though the same purpose might have been achieved, without a separately stated cause of action, by including the allegations of conspiracy in one or more of the remaining causes of action.
There likewise appears to be no basis for the remaining corrective •relief sought by defendants. Though the amended complaint is *114 in many respects unduly repetitious and prolix, defendants would not seem to be disabled from answering or prejudiced thereby.
The motions made by the defendants are granted to the extent of striking from the amended complaint the allegations with reference to inducing employees of plaintiff to leave their employ and enter the employ of defendant Electronic, and directing plaintiff to serve an amended complaint, within 20 days after service of a copy of the order to be entered hereon with notice of entry, omitting such allegations, and otherwise denied. The cross motion made by plaintiff is denied. Settle order.