Jacob Markowitz, J.
This is a proceeding to settle the account of the trustee of an express trust created in 1920 pursuant to the laws of this State by a New Jersey resident. A general power of appointment by will was granted by the trust indenture to the daughter of the grantor. This general power was subsequently relinquished by the daughter by instrument executed in England whereby she limited her exercise of the power to a specific class of person, i.e., her son, daughter-in-law or their issue. In July of 1959 the will of the daughter was admitted to probate in the High Court of Justice, London, England. Of the various dispositions of her property provided for in the will the only one of moment in this proceeding is the exercise of her self-limited power of appointment pursuant to the subject trust agreement which she disposed of generally as follows: (1) One-half share to her son; (2) the remaining half share to such of her grandchildren as shall survive her and attain the age of 21. (An attempt by codicil to exercise the original power beyond her self-imposed limitations to cover an overdraft is probably ineffectual, but this need not be considered here since it appears that her son has assumed this obligation.) Of her two grandchildren surviving, the granddaughter is 18 years of age, the grandson 15 years. Both are residents of Great Britain. It is urged on their behalf by the guardian ad litem that despite the apparent accumulation directions of the will, the income be used for their maintenance, education and support. In support of this request, an affidavit has been submitted by the mother of the infants, who asserts (1) that she is divorced from their father and has been separated from him since 1945; (2) that since their separation the children have never received any sums from their father for maintenance or education; (3) that her income is £300 a year; (4) that her daughter is unable to attend a secretarial school because of lack of funds; and (5) that it has become increasingly difficult to maintain her son at the school he is currently attending.
Since what is here involved is a trust of personalty administered in this jurisdiction, supervision of such administration logically falls upon the courts of this jurisdiction even though the power of appointment involved herein was exercised in *1079 England for the benefit of infant residents of that country. (Restatement, Conflict of Laws, §§ 297, 299.) Under the laws of this State, where it appears that a person for whose benefit an accumulation of income is directed is destitute of other sufficient means of support or education, this court has the power to direct suitable payments of such accumulations to be applied for support or education of such person. (Personal Property Law, § 17.) This is so even though the right of the person involved may be, as is the case here, contingent upon his attaining majority (Matter of Wagner, 81 App. Div. 163; Matter of Breidner, 203 Misc. 78). On the facts presented herein, it is evident that both infants require additional funds for the enhancement of their education, and that they may possibly not be able to complete or undertake any additional education unless additional funds are made available to them. Accordingly, implementation by this court of section 17 is deemed proper and a direction to pay the income accumulated and to be accumulated to the minors involved will be made. Such deviation from the strict terms of the gift under these facts would be similarly permissible were the laws of England applied, except that the power to determine the propriety of making such advance payments would lodge in the discretion of the trustee rather than the court. (Trustee Act, 1925, 15 & 16 Geo. 5, ch. 19, § 31, subd. [1]; 26 Halsbury’s Statutes [2d ed.], p. 94.)
Accordingly, the motion to settle the account is granted as prayed for. One half of the trust principal shall be distributed to Frederick Harold Deming Courtney in accordance with the afore-mentioned exercise of the power of appointment. The remaining half shall be retained by the trustees, the net income therefrom to be paid in equal shares to the infant beneficiaries for their support and education until such time as the female infant shall reach the age of 21, at which time one half of the remaining principal shall be paid to her. Thereafter the sum remaining shall be retained by the trustees until the male infant attains the age of 21. The income meanwhile is to be applied to his support and maintenance, and upon his reaching 21 the entire remaining corpus shall be turned over to him. The amount of compensation, costs, disbursements, counsel fee and special 'guardian’s allowance will be fixed in the order to be settled herein.