Michael E. Sweeney, J.
This is a proceeding under article 78 of the Civil Practice Act for an order directing respondent board of education to continue petitioner in his position as Superintendent of Schools and to declare null and void a resolution of said board to terminate petitioner’s contract of employment. It is 'also sought to compel the board to continue to pay petitioner his salary and to restrain it from employing anyone else.
On August 26, 1953 the petitioner was appointed superintendent of respondent’s school system. He commenced his duties as superintendent on September 1, 1953. Thereafter, and on April 16, 1956, by a resolution of the board of education, the *1076 latter and the petitioner entered into what purported to be a three-year contract. This three-year contract expired June 30, 1959. Petitioner continued to serve as superintendent until July 1, 1960.
It is petitioner’s contention that he had a valid three-year contract which expired in 1959 and since it was not terminated it was renewed for an additional three years, and consequently has two more years to run.
It is respondent’s contention that the original three-year contract which expired in 1959 was invalid and amounted merely to a contract at will; that prior to July 1, 1960 petitioner had been duly informed that-his services were no longer required.
To properly determine the rights of these parties, it is necessary to examine subdivision 2 of section 1711 of the Education Law.
In 1956 subdivision 2 of section 1711 of the Education Law provided that a superintendent may be removed from office by a majority of the members and further provided that such board may enter into a contract with a superintendent after he has served as superintendent in the school district for at least three years, for a period not to exceed five years.
This section was later amended in 1958 to provide that the board may enter into a contract with such superintendent for a period of not less than three and not more than five years. The amendment further provided that such contract may be renewed from time to time unless the board of education determines that it shall not be so renewed and notifies the superintendent to that effect at least 90 days prior to its termination.
Whether or not petitioner is entitled to the relief sought here depends upon whether the original three-year contract was a valid and binding one. This must be determined by the law as it existed at the time the contract was entered into, i.e., in 1956.
It thus becomes necessary to determine the intent of the Legislature in passing this particular statute. Once that intent is construed, it must, of course, be followed. (Matter of Armitage v. Board of Educ.,122 Misc. 586, affd. 210 App. Div. 812, affd. 240 N. Y. 548.) It is apparent that the Legislature by this statute endeavored to give a superintendent something in the nature of limited tenure. Unlike the tenure statute pertaining to teachers, this statute made it only permissive with the board of education to enter into a contract for a period of years, even after the expiration of the three-year period.
The statute itself is in derogation of the common law and, therefore, must be strictly construed. (Matter of O’Connor v. Emerson, 196 App. Div. 807.) Here the respondent board of *1077 education could do only those things permitted by statute. Subdivision 2 of section 1711 of the Education Law, as it existed in 1956, provided that if a superintendent had served three years as superintendent the board had the right to enter into a contract for a term of years. At the time the three-year contract was entered into on April 16,1956 this petitioner had not served the full three years required by the statute. He lacked approximately seven weeks. It is my opinion that since this statute must be strictly construed, the board did not have a right to waive the seven weeks and, therefore, could not enter into a three-year contract at that time. The 1956 contract with petitioner was nothing more than a contract at will. The language of the statute is very clear that a prerequisite of three-years service in the capacity of superintendent was required before the board could enter into a binding contract for a period of years. Furthermore, in order to avail himself of the benefits of this statute, the petitioner had to comply with all of its conditions. (Matter of High v. Board of Educ., 169 Misc. 98, affd. 256 App. Div. 1074; Matter of McMaster v. Owens, 275 App. Div. 506.) This purported- contract was, in fact, ultra vires. The fact that it was completely executed does not make it valid. The board had no right to ratify that which was illegal in its inception. (Smith v. City of Newburgh, 77 N. Y. 130.) Since there was no valid three-year contract there could be no automatic renewal for a like period, by reason of the statute, as petitioner contends. He had a contract which the board could terminate at will. Therefore, it was within its rights when it terminated his contract in July, 1960.
Although there are other questions raised in this matter, they become academic once it is determined that the original 1956 contract was one at will, and not a valid three-year contract which was renewed unless terminated by the board pursuant to the statute.