Joseph F. Gagliardi, J.
The questions before the court concern the sufficiency of each of the three causes pleaded in the complaint of Herbert B. Smith, the former Superintendent of Schools for the district embracing the City of Peekskill, New York.
The first cause of action alleges that “on or about the 1st day of November, 1961, defendants, as a majority of four against three on said Board of Education, published of and concerning the plaintiff, in writing, in a public record, to wit, the minutes of the Board of Education of the City of Peakskill ” a statement which the plaintiff contends is a false accusation *138 concerning Mm in Ms professional status as an educator of children. The second cause is pleaded only against the defendant Henry Helbraun, and charges that he published 'an allegedly libelous statement concerning the plaintiff in or about the month of March, 1962. The third cause charges that all four defendants “ entered into an illegal agreement and conspiracy to injure plaintiff in his employment * * * and to prevent * * * [him] from performing the duties thereof, and to destroy his reputation as a superintendent of schools, and as an educator, and to force him to give up his position as Superintendent ”.
Defendants urge that all three of the above causes are insufficient as a matter of law since there is no formal allegation contained anywhere in the complaint that plaintiff served a notice of claim in accordance with section 3813 of the Education Law. Section 3813 provides as follows:
“ 1. No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property or claim against the district, or involving its rights or interests shall be prosecuted or maintained against any school district, board of education, or any officer of a school district or board of education, unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.
“2. Notwithstanding anything to the contrary hereinbefore contained in this section, no action or special proceeding founded upon tort shall be prosecuted or maintained against any of the parties named in this section nor against any teacher or member of the supervisory or administrative staff or employee where the alleged tort was committed by such teacher or member or employee acting in the discharge of his duties within the scope of his employment and/or under the direction of the board of education, trustee or trustees, unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law, nor until the expiration of thirty days after the service of such notice. * * * ”
Examination of the complaint discloses that the plaintiff has not named the school district or the Board of Education as parties to this action. The causes are asserted against the four defendants as individuals. The fact that they are members of *139 the Board of Education does not convert the actions into actions against the body corporate. In short, plaintiff is making no claim against the public purse. In People ex rel. Underhill v. Skinner (74 App. Div. 58 [2d Dept.]) a committee of the qualified electors of School District No. 1 of the Town of Ossining sought to recover the expenses incurred by them in successfully defending several libel actions brought against them as the result of an official report which they issued. The court wrote (pp. 61-62):
“ The actions, because they grew out of a controversy over the affairs of the school district, did not impose any duty, either legal or moral, upon the inhabitants of the district to pay the cost of the litigation any more than would be the case if the trouble had grown out of the shortage in accounts of the village treasurer or the supervisor or any other public officer or body, and it would be against public policy to permit individuals to defend purely personal actions at the expense of the community. Men undertake public duties, they discharge the duties of citizenship, subject to the risk of being called upon to defend their conduct in the courts; it is one of the penalties we pay for the protection of society, and because the relators have been called upon to make large disbursements in vindicating their report is no reason why they should expect the school district to go outside of the law to reimburse them.”
Furthermore, service of a notice of claim is required where the corporate body (i.e., school districts of less than one million persons and each board of co-operative educational services) must11 save harmless and protect all teachers, practice or cadet teachers, and members of supervisory and administrative staff or employees from financial loss arising out of any claim, demand, suit or judgment by reason of alleged negligence or other acts resulting in accidental bodily injury to any person within or without the school building, provided such teacher, practice or cadet teacher, or member of the supervisory or administrative staff or employee at the time of the accident or injury was acting in the discharge of his duties within the scope of his employment and/or under the direction of said board of education, trustee, trustees, or board of cooperative educational services ”. (Education Law, § 3023; Sandak v. Tuxedo Union School Dist. No. 3, 308 N. Y. 226.) The reasoning behind the requirement is simply that the employer is the real party in interest, i.e., the body corporate. However, the complaint before the court does not seek to recover, in any of the three causes, for personal injuries and, moreover, individual members of a board of education are not within the class of employees set *140 forth in section 3023. Hence, there is no requirement that the school district or body corporate indemnify these individual defendants and thus no need for a notice of claim (cf. O’Hara v. Sears Roebuck & Co., 286 App. Div. 104 [4th Dept.]).
Defendants have not pointed to any statute which grants them while acting as members of a Board of Education immunity from civil liability that might result from their actions, either singly or collectively. Nor has the court in its research found any such statute. Insofar as the defendants claim that they are not liable for the acts complained of because they were acting in their official capacity, the court is of the opinion that this is a question of absolute privilege which must be pleaded as an affirmative defense (cf. Cheatum v. Wehle, 5 N Y 2d 585). In this instance, the court notes that it is incumbent upon the defendants to plead as a defense any claim of fair comment (Toomey v. Farley, 2 N Y 2d 71).
The first cause of action charges that the following statement is libelous per se:
“Whereas the Board of Education of the City of Peekskill feels that greater progress can be made in solving the educational problems of the district under new leadership, and “Whereas in the opinion of this Board of Education, the presence of Dr. Herbert B. Smith in the schools of this district is detrimental to the best interests of the school district and to the education of the children therein, and
“ Whereas it is not the intent of this Board to prefer charges of any kind against Dr. Smith, and ‘ ‘ Whereas we have diligently tried to resolve this problem with Dr. Smith on an amicable basis, but have failed to do so; Now therefore,
“ Be it resolved that Dr. Herbert B. Smith during the balance of his term as Superintendent of Schools of this district be placed on indefinite (sic) leave of absence and be relieved of all duties in connection with the school system of this school district and that all sums which may accrue to him from time to time from this school district be paid to him as the same accrue.” In the opinion of the court, the foregoing, when reasonably read, tends to disparage the plaintiff in his profession and, therefore, is actionable without any allegation of special damages (Nichols v. Item Publishers, 309 N. Y. 596).
Turning to the second cause of action, it charges that the following written statement published by the defendant Helbraun is false and thus libelous:
“ For the past two years some members of the board have expressed a strong dislike for the taping of open and executive *141 meetings. Open discussion on the subject has been postponed perhaps because of more important business; but the information revealed at the last meeting regarding missing tapes points up the fact that action must now be taken on this matter.
“ In my opinion, the use of tapes for meetings smacks of suspicion and distrust. It is a deterrent to truly open and frank discussion of issues, and instead of creating a sense of goodwill and understanding between board members, it is divisive and demoralizing. I know of no constructive purpose that the tapes have been used for. Mrs. Haring, our stenographer, does an excellent job on the minutes. Her notes are as complete and as comprehensive as anyone could wish for.
“ The fact that property of this board and this community has been removed from the school safe without authorization is, I think, tantamount to theft; and constitutes a most serious breach of trust and ethics. I wish to impress upon the board that tapes can very easily be ‘ doctored ’ whereas shorthand notes So typewritten records cannot. Anyone capable of stealing taped records from a safe is certainly capable of editing them to his or her advantage.
“ In view of this, I now strongly recommend to this board the following:
‘ ‘ 1. That in the interest of reestablishing confidence So trust among the board members, the use of tapes for recording board proceedings be discontinued immediately;
“ 2. That all tapes of board meetings now in our possession be erased or destroyed;
“ 3. That all tapes, recordings, So copies of same be declared null and void as official minutes of the Peekskill Board of Education; and
“ 4. That only the shorthand notes and typewritten' minutes of our meetings be recognized as the official records of our proceedings.”
The complaint further alleges that the defendants intended to convey to the public the impression that the plaintiff was capable of changing the tape recordings and editing them to his advantage, and that he had changed them, amounting to the crime of forgery and serious breaches of ethics. The statement does not mention plaintiff and standing alone is clearly not defamatory. Plaintiff has attempted by way of innuendo to explain that this matter was written concerning of him and to ascribe a particular meaning to it. However, the court is of the opinion that the pleaded innuendo is strained and attempts to introduce a meaning that is not expressed in the writing (Tracy v. News-Day, Inc., 5 N Y 2d 134; Crane v. New York *142 World Tel. Corp., 308 N. Y. 470; Hays v. American Defense Soc., 252 N. Y. 266). Accordingly, the court finds that this cause of action is insufficient as a matter of law.
With respect to the third cause of action, the complaint charges that the defendants performed the following acts in furtherance of their conspiracy to destroy plaintiff’s reputation as the Superintendent of Schools and to force him to relinquish that position: Suspended him from office; compelled him to bring proceedings before the Commissioner of Education to gain reinstatement; removed him from office; made various statements conveying the impression that they were acting within their rights and with the prior approval of the Department of Education; that they destroyed, lost or permitted the destruction of hearing transcripts; and issued various statements to the press and public criticizing plaintiff’s administration and his individual acts to “ bring pressure on him to abandon his position as Superintendent”.
Standing alone thoughts, ideas, plans, schemes, or intentions do not constitute any actionable civil wrong. Bather it is the performance of an act, either tortious in itself or accomplished by wrongful means, by one or more persons pursuant to an agreement between two or more individuals which gives rise to civil liability (Cuker Ind. v. Crow Constr. Co., 6 A D 2d 415; Harte & Co. v. Shayani Export Co., 33 Misc 2d 680; Taller & Cooper v. Neptune Meter Co., 8 Misc 2d 107). The cause of action for conspiracy has the effect of joining in responsibility the hidden planners who are not actors in the commission of the wrongful conduct (e.g., Green v. Davies, 182 N. Y. 499, 504; Miller v. Spitzer, 224 App. Div. 39).
The third cause of action is not sufficient as either a libel or a slander since any words which the defendants may have used to injure or destroy plaintiff’s reputation are not set forth. Nor may this portion of the pleading be sustained on the basis of an unlawful interference with plaintiff’s contractual relations. This tort consists in the intentional interference with contractual rights through unlawful means by one who has full knowledge thereof (Campbell v. Gates, 236 N. Y. 457, 460). That cause of action is predicated upon the use of unlawful means, thereby negating any justification for the interference rather than upon any intent to do harm to the plaintiff which is necessary to a prima facie tort (Benton v. Kennedy-Van Saun Mfg. & Eng. Corp., 2 A D 2d 27). Here the acts complained of cannot be said to be unlawful sirice the defendants, as members of the board, were duty bound to supervise the activities of the school district (Education Law, §§ 2501-2531).
*143 Furthermore, one contracting party does not have any redress against another contracting party for conspiracy to breach the agreement between them (Bereswill v. Yablon, 6 N Y 2d 301). Although the 1 ‘ other party ’ ’ to plaintiff’s contract is not any one of the individual defendants but the Board of Education, the individual members of the board cannot be guilty of conspiring to induce any breach of agreement with the board (cf. Buckley v. 112 Cent. Park South, 285 App. Div. 331; Nelson Radio & Supply Co. v. Motorola, Inc., 200 F. 2d 911, cert, denied 345 U. S. 925).
While under some circumstances a lawful act performed solely out of malice and with the intent to injure another may be actionable (Al Raschid v. News Syndicate Co., 256 N. Y. 1), the malicious intent ascribed to the individual defendants here must be ignored as a matter of public policy, since the acts complained of were performed as part of the official duties enjoined upon each of the defendants (cf. Brandt v. Winchell, 3 N Y 2d 628, 634-635). In short, the malicious instigation of official action does not give rise to prima facie tort liability. Moreover, plaintiff has not set forth any special damage which is an essential ingredient of a cause of action for prima facie tort (Brandt v. Winchell, 286 App. Div. 249; Halio v. Lurie, 15 A D 2d 62, 65).
Accordingly, defendants’ motion is granted to the extent of dismissing causes numbered second and third of the complaint and the motion is denied in all other respects. Since plaintiff may be able to set forth a sufficient cause of action under the third cause, he is granted leave to replead that cause of action within 20 days following service of a copy of the order to be entered hereon.