HERBERT B. SMITH, Respondent, v. HENRY HELBRAUN et al., Constituting the Board of Education of the City School District of the City of Peekskill, Appellant.— In an action by a School Superintendent to recover damages for breach of a written contract, the Board of Education of the City School District of the City of Peekskill appeals from an order of the Supreme Court, Westchester County, dated September 5, 1963, which denied its motion to dismiss the amended complaint or, in the alternative, to strike out certain of its paragraphs. Order reversed, without costs; motion to dismiss the amended complaint granted; and amended complaint dismissed, with leave to serve a second amended complaint within 30 days after entry of the order hereon, if the plaintiff be so advised. In our opinion the power of the Board of Education, pursuant to section 2507 of the Education Law, to appoint a Superintendent of Schools for a term not to exceed five years, does not empower the board to enter into a written contract with the Superintendent for such services. Section 2507 is derived from former section 2565 of the Education Law. Prior to 1948 the Board of Education of a city had no power to contract with a Superintendent of Schools; it could only appoint a Superintendent of Schools to serve at its pleasure, with the right in the Superintendent to resign by giving written notice (L. 1917, ch. 786, § 869). In 1948 the Legislature added to the predecessor section 2515 the clause permitting an appointment for a term not to exceed five years (L. 1948, ch. 111). The Legislature did not rescind the right of the Superintendent to resign on written notice; nor did the Legislature expressly confer the power to contract with a School Superintendent, found elsewhere in

the Education Law (cf. Education Law, § 1711). A Board of Education may enter into such contracts only when permitted to do so by statute (*Matter of Boyd* v. *Collins*, 11 N Y 2d 228; *Walcott* v. *Fisher*, 274 App. Div. 339; *Matter of Wilson* v. *Board of Educ.*, 26 Misc 2d 1075; see, also, *Matter of Burr*, 66 N. Y. St. Dept. Rep. 10). We confine our opinion and our holding strictly to the issue of the lack of capacity of the Board of Education to contract with the Superintendent of Schools. We have neither considered nor passed: (a) upon any other rights or duties between these parties which may have accrued upon a prior administrative determination (see 1 Ed. Dept. Rep. 536); or (b) upon any quasi-contractual rights existing between the parties which may have arisen out of the power to appoint (Education Law, § 2507, subd. 1). Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.