HERBERT B. SMITH, Appellant, v. HENRY HELBRAUN et al., Constituting the Board of Education of the City School District of the City of Peekskill, Respondent.— In an action by a former Superintendent of Schools of the City School District of the City of Peekskill to recover unpaid salary, the plaintiff appeals from an order of the Supreme Court, Westchester County, entered January 14, 1965, which granted the motion of the defendant Board of Educa-

tion, made pursuant to statute (CPLR 3211), dismissing the second amended complaint on the ground that it fails to state a cause of action. Order reversed, with $10 costs and disbursements; and motion denied. The defendant's time to answer the complaint is extended until 30 days after entry of the order hereon. The defendant Board of Education appointed plaintiff Superintendent of Schools for three years from July 1, 1958 to June 30, 1961 and thereafter reappointed him for five years from July 1, 1959 to June 30, 1964. On November 1, 1961 the board resolved to place plaintiff on indefinite leave of absence for the remainder of his term, but to pay him his salary as it accrued. On July 2, 1962 the board resolved to declare plaintiff's office vacant. This action is to recover unpaid salary for the period July 1, 1962 to June 30, 1964. Plaintiff's second amended complaint was dismissed for failure to state a cause of action on the ground that the plaintiff had not previously commenced a proceeding under article 78 of the CPLR seeking reinstatement. The general rule is that as a condition precedent to the recovery of unpaid salary by a discharged public employee, he must first prove his right to the position from which he was discharged, and that he should do so in a proceeding under article 78 of the CPLR and not in an action at law for accrued salary (*Austin* v. *Board of Higher Educ.*, 5 N Y 2d 430). That rule does not apply, however, where the State Commissioner of Education had previously determined that plaintiff should not have been dismissed before June 30, 1964 without charges and a hearing thereon (*Steinson* v. *Board of Educ.*, 165 N. Y. 431); or where the defendant board has recognized that the plaintiff was entitled to his position and his salary (*Toscano* v. *McGoldrick*, 300 N. Y. 156). In the case at bar the State Commissioner of Education had made such a determination with respect to plaintiff's prior suspension (1 Ed. Dept. Rep. 536); and the defendant board had recognized its liability by its resolution of November 1, 1961. Of course, the board is entitled to a reduction of the plaintiff's damages by the amount of the salary which he has received as Superintendent of Schools in Lincoln, Rhode Island, during the period for which damages are sought in this action. (For prior appeal, see 21 A D 2d 829, 830; for related decision, see 38 Misc 2d 136.) Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.