JAMES B. DOWNEY, Appellant, v LACKAWANNA CITY SCHOOL DISTRICT, Respondent.

Fourth Department, February 13, 1976

*Barth, Sullivan & Lancaster (John J. Sullivan, Jr.* of counsel), for appellant.

*Peter A. Vinolus* for respondent.

MARSH, P.J. Plaintiff appeals from that portion of a judgment of Supreme Court which denies his claim for salary and wages against the Lackawanna City School District except for $6,661.60 representing increment benefits. The defendant School District does not cross-appeal from the money judgment against it.

By agreement dated June 29, 1968 the Board of Education of the City School District of the City of Lackawanna entered into a contract employing plaintiff for five years commencing on July 1, 1968 to serve as Superintendent of Schools for the Lackawanna School District. The contract was executed pursuant to a resolution of the Board of Education of June 29, 1968 and it provided for a salary equal to twice the maximum salary of teachers as fixed from time to time. In an agreement dated February 8, 1972, and pursuant to a resolution of the defendant Board of Education adopted on February 8, 1972, plaintiff's 1968 contract was modified so as to relieve him of his duties as Superintendent of Schools during the remaining term of his contract and provided that plaintiff would fulfill during such remaining term the duties of a "Research and Planning Administrator" under the direction of the Board of Education and the Superintendent of Schools. His salary was to remain the same as that provided for in the 1968 agreement. The defendant Board of Education by resolution adopted on July 19, 1972 abolished plaintiff's position of "Research and Planning Administrator" and terminated his services effective July 19, 1972. When plaintiff's contract was modified on February 8, 1972, he submitted his resignation as Superintendent effective upon the appointment of the new Superintendent which was made by the Board of Education at a regular meeting held on February 8, 1972.

In 1968 when plaintiff entered into his contract with the defendant Board of Education, section 2507 of the Education Law did not permit employment contracts although it did permit appointments for periods up to five years.

"§ 2507. Superintendent of schools; associate superintendents. 1. The superintendent and any associate superintendent

of schools in each school district shall hold his position subject to the pleasure of the board of education, except that the superintendent of schools may be appointed for a term of not to exceed five years."

It has been held that the power to make an appointment to the position of up to five years did not entail the authority to enter into employment contracts (Smith v Helbraun, 21 AD2d 829). It would appear however that plaintiff's appointment for a five-year term as Superintendent as authorized by the board's resolution of June 29, 1968 would provide job security for the duration of that term (Smith v Helbraun, 24 AD2d 518).

The plaintiff on February 8, 1972 resigned his position of Superintendent and attempted to enter into a contractual relationship with the board to continue to the end of his original five-year contractual term at the same rate of pay in a new title denominated "Research and Planning Administrator". The applicable statute as it existed on February 8, 1972 (Education Law, § 2509) provided: "(b) Assistant and other superintendents, directors, supervisors, principals and all other members of the supervising staff, except associate superintendents, authorized by section twenty-five hundred three of this article, shall be appointed by the board of education, upon the recommendation of the superintendent of schools. The service of a person appointed to any of such positions may be discontinued at any time on the recommendation of the superintendent of schools, by a majority vote of the board of education." (L 1971, ch 116, § 8, eff May 9, 1971.)

The law was amended to permit the Board of Education to contract for such supervisory positions as plaintiff's effective June 8, 1972 by section 1 of chapter 953 of the Laws of 1972.

The Board of Education has no power to make contracts with its employees which are not authorized by statute (Matter of Boyd v Collins, 11 NY2d 228). Section 2509 on February 8, 1972 did not authorize the Board of Education to contract with plaintiff for the rendition of services in a position entitled "Research and Planning Administrator", hence the contract was invalid and could not be used as a basis for plaintiff's claim for salary (Smith v Helbraun, 21 AD2d 829, supra). Independent of contract, plaintiff must establish a right to the position before he can assert that he is entitled to his salary to the end of the original five-year term.

"[T]he right to a position determines the right to the salary

incident thereto *(Stetson v Board of Educ.,* 218 N. Y. 301, 306)." *(Austin v Board of Higher Educ.,* 5 NY2d 430, 439-440.)

Plaintiff cannot establish a right to his position since the board had no authority to enter into an employment contract with respect to such position, nor was plaintiff still under the protection of the five-year appointment as Superintendent, since he resigned that post effective February 8, 1972 when he assumed the duties of Research and Planning Administrator. The second *Smith v Helbraun* case (24 AD2d 518, *supra)* allowed that plaintiff recover on the remaining five-year appointment as Superintendent of Schools upon a determination that he had been wrongfully discharged and was entitled to remain in the position for the full five-year term, which status had been declared by the Commissioner of Education and memorialized in a resolutition by that Board of Education. In the instant case plaintiff can point to no authority which denies the Board of Educatition the right to abolish his position and terminate his services. He is not protected by tenure, contract or term appointment.

The equitable principles underpinning the doctrine of promissory estoppel cannot work to fasten a liability upon the Board of Education where it acts to enter into a contractual agreement without statutory authority, notwithstanding that plaintiff may have changed his position in resigning from the Superintendent's position prior to the expiration of his five-year term. He was not required or pressured to resign, and for all that appears in the record it was his own personal decision *(Smith v City of Newburgh,* 77 NY 130, *Lutzken v City of Rochester,* 7 AD2d 498, 501). Nor does the fact that such contracts became legal on June 8, 1972 help plaintiff, for the board could not ratify a contract which was illegal from its inception, even assuming ratification could be inferred by a lack of board repudiation between June 8, 1972 and its termination of plaintiff's services on July 19, 1972 (see *Matter of Davis,* 26 Misc 2d 1077). The judgment should be affirmed, without costs.

MOULE, MAHONEY and WITMER, JJ., concur.

Judgment unanimously affirmed, without costs.