■ LUCIEN MORIN, as County Manager and as Director of Finance of the County of Monroe, et al., Respondents, v EDWIN A. FOSTER et al., Individually and as Monroe County Legislators, et al., Appellants. (Appeal No. 1.)— Judgment affirmed, with costs. Memorandum: When the voters of Monroe County approved the Monroe County Charter in 1965 (Local Laws, 1965, No. 2 of the County of Monroe), they provided for the election of the Legislature every two years (§ 201) and for the appointment by the Legislature of a county manager every four years (§ 207, subd j; § 300), subject to removal only for cause upon charges (§ 308). Local Law No. 1 of 1978 deletes the four-year term of county manager and provides that such officer shall be appointed by the Legislature to serve during its pleasure. An integral part of a county system of government is the manner in which the county executive is chosen and removed. When the People of Monroe County voted to adopt the present form of government they intertwined the discrete powers of appointment and removal. The New York State Constitution (art IX, § 1, subd [h], par [2]), the Municipal Home Rule Law (§ 34, subd 4) and the Monroe County Charter (§ 1405) each provides that an amendment of the charter which abolishes or curtails "any power of an elective county officer" requires an opportunity for permissive referendum. Although power in the county Legislature to remove the county manager at will undeniably increases the power of the officials elected to the Legislature, concomitantly, the power of the Legislature to appoint a county manager, with independent powers (§ 305), to a binding four-year term is curtailed (see *Matter of*

*Hansell v City of Long Beach,* 61 AD2d 84; with respect to the power to contract with a municipal manager for a definite period). The electorate may have deemed such provision to be of practical significance. We note however that the issue as to whether the Monroe County Legislature can contract to pay a county manager a specific salary for a period beyond the term of the Legislature is not now before this court. The dissent combines the powers of appointment and removal and attempts to balance them to reach the conclusion that in sum total Local Law No. 1 increases the power of the Legislature. The use of the language "any power", above quoted, precludes such analysis. Therefore, under the terms of the charter, the Municipal Home Rule Law and the State Constitution above cited, Local Law No. 1 for 1978 cannot become effective without affording the county electorate an opportunity for permissive referendum thereon *(Matter of Fogarty v Warden,* 191 Misc 916, affd 273 App Div 910, affd 297 NY 963). Since provision for such referendum was not afforded, it was proper for Special Term to hold that the law is invalid. All concur, except Hancock, Jr., and Denman, JJ., who dissent and vote to reverse the judgment and dismiss the petition in the following memorandum: By Local Law No. 1 of 1978 the Monroe County Legislature amended certain sections of the county charter providing that the county manager be appointed by the Legislature for a term of four years (Monroe County Charter, § 300), during which he may be removed only for cause after a hearing (Monroe County Charter, §§ 207, 308). Under the amendment to be effected by the local law, the manager, instead of being appointed for a fixed four-year term, is appointed at the pleasure of the Legislature. Further, the amending local law provides that the manager may be removed "by a majority vote of the whole number of members of the County Legislature for any reason deemed by the County Legislature to be sufficient." No provision is made in the local law for a permissive referendum; rather, it is provided that the law is to take effect solely upon its being filed with the office of the New York Secretary of State. The sole question presented is whether the legislators by removing the restrictions on their own power to remove the county manager have curtailed any of their own power as elected county officers so as to require a permissive referendum (Municipal Home Rule Law, § 34, subd 4). Special Term found the local law invalid under subdivision 4 of section 34 of the Municipal Home Rule Law and permanently enjoined its implementation. The majority of this court affirm. We disagree. By removing restrictions on the power of the Legislature to appoint and remove the county manager, the Legislature has enhanced, not curtailed, its power. Thus, a referendum is not required. (See dictum in *Matter of Fogarty,* 191 Misc 916, 920, affd 273 App Div 910, affd 297 NY 963, to the effect that a referendum would be required to remove restrictions on the Legislature's power to remove the county manager—i.e., permitting removal at will instead of removal for cause.) The argument that by removing restrictions on its own power to remove the manager the Legislature has curtailed its power to bind itself is illusory. By removing the restrictions and permitting itself to do what it was formerly restricted from doing, it can have lost no power. Granting the power to remove the manager cannot diminish the Legislature's power to retain the manager; for it may restrict itself from removing the manager for the four-year term or longer merely by not exercising its power of removal. The anomalous consequence of the majority's decision is that a permissive referendum would be required (under Municipal Home Rule Law, § 34, subd 4) because the powers of the legislators are curtailed both when the local law imposes additional restrictions on their power (as in *Matter of Fogarty,*

*supra,* where the legislators' power to remove the manager at their pleasure was reduced to a power of removal for cause only) and when restrictions on the powers of the legislators are removed as in the case at bar. We do not agree that the local law curtails the power of the legislators to bind their successors by appointing a county manager to "a binding four-year term." There is no provision in the charter authorizing the employment of the manager under a contract, and absent specific authority the legislators are without power to make such a contract. (See, particularly, *Smith v Helbraun,* 21 AD2d 829 holding that the power to appoint for a term of five years does not carry with it the power to contract for such period; *Downey v Lackawanna City School Dist.,* 51 AD2d 177, 179.) As stated in *Edsall v Wheler* (29 AD2d 622): "The rule is broadly stated in 40 N.Y., Jur. (Municipal Corporations, § 809) that where a contract 'involves a matter of discretion to be exercised by the council unless the statute conferring power to contract clearly authorizes the council to make a contract extending beyond its own term, no power of the council so to do exists, since the power conferred upon municipal councils to exercise legislative or governmental functions is conferred to be exercised as often as may be found needful or politic, and the council presently holding such powers is vested with no discretion to circumscribe or limit or diminish their efficiency, but must transmit them unimpaired to their successors.' Starting with the early authorities of *Richmond County Gas-Light Co. v. Town of Middletown* (59 N.Y. 228) and *Hendrickson v. City of New York* (160 N.Y. 144) and down to *Niemel v. Niagara County Bd. of Supervisors* (27 A D 2d 648) courts have uniformly held efforts to bind future legislature boards to be illegal and *ultra vires.* There was no power in the board to contract beyond its own term, unless specifically authorized to do so". (See, also, *Matter of Hansell v City of Long Beach,* 61 AD2d 84, *supra; Matter of Harrison Cent. School Dist. v Nyquist,* 59 AD2d 434, 436; *Ferkin v Board of Educ.,* 253 App Div 751, revd on other grounds 278 NY 263.) We believe that the policy considerations underlying the foregoing decisions are pertinent here; that the legislators who have been elected by the voters to administer the county government in conjunction with an appointed manager should be allowed to discharge their responsibilities with a manager they have selected and with whom they are compatible. (Appeal from judgment of Monroe Supreme Court—declaratory judgment, injunction.) Present—Marsh, P.J., Dillon, Hancock, Jr., Denman and Witmer, JJ.