■ In the Matter of ANTHONY J. SAVINO, Appellant, v BRADFORD CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, Respondent. (Appeal No. 1.) —Judgment unanimously reversed, without costs, and matter remitted to respondent board of education for further proceedings, in accordance with the following memorandum: On October 27, 1975, Anthony Savino and the Bradford Board of Education entered into a written agreement setting forth the terms and conditions of Savino's employment as district principal of the Bradford Central School District. The agreement provided for a three year term of employment with automatic renewal each year unless notice of intention not to renew was given by November 1 of the preceding year. On June 16, 1977 the parties modified the terms of the agreement by extending the term of employment to five years, commencing July 1, 1977 and

reviewable for renewal five years from that date. Shortly thereafter, however, on July 5, 1977, the board passed a resolution purporting to rescind the June 16, 1977 action and to reinstate the terms of the original October 27, 1975 contract. In March, 1978, the board commenced an action for a judgment declaring the employment contract between it and Savino void and unenforceable. The trial court decided on July 10, 1978 that both the original contract of October 27, 1975 and the subsequent modification of June 16, 1977 were invalid since there was no statutory authority for them. Savino did not appeal this judgment. The court also held that the action of the board on June 16, 1977 gave Savino a five-year term appointment, terminable only in accordance with the requirements of procedural due process. The board passed a resolution on July 19, 1978, terminating Savino's employment. Savino was given neither notice nor an opportunity to be heard prior to this board action. Savino promptly commenced a proceeding to vacate the July 19, 1978 board resolution and for reinstatement to his position. Though not denominated as such, we deem this to be a proceeding brought under CPLR article 78 (CPLR 7803, subd [3]; see CPLR 103, subd [c]; Di Lorenzo v Carey, 62 AD2d 583). The trial court decided on October 24, 1978 that Savino was not entitled to reinstatement. Two appeals are before this court. In the first, Savino appeals from the dismissal of his petition to annul the board's July 19, 1978 resolution and for reinstatement. At the time of the June 16, 1977 modification of the parties' agreement, two conflicting provisions of section 3013 (subd 1, par [b]) of the Education Law, pertaining to the manner of appointment of district principals were in effect (L 1975, ch 436, § 2; L 1975, ch 468, § 4). While one (L 1975, ch 468, § 4) precluded employment contracts between district principals and boards of education, the other (L 1975, ch 436, § 2) permitted such contracts. Though this problem was later corrected by the Legislature (L 1977, ch 467, § 1; see News Memorandum from Executive Chamber, August 4, 1977, McKinney's Sess Laws of 1977, N. Y., p 2506), the existence of the provision authorizing employment contracts such as the one involved here at the time of the June 16, 1977 modification, gave Savino a nonsubjective expectancy of continued employment deserving of due process protection (Gosney v Sonora Ind. School Dist., 603 F2d 522; see. Board of Regents v Roth, 408 US 564; Bishop v Wood, 426 US 341). The board, therefore, acted in violation of lawful procedure when it terminated Savino's appointment prior to July 1, 1982 without adequate notice or a hearing. An appropriate hearing should be held in accordance with the procedures set forth in section 3020-a of the Education Law. In the second appeal, the board maintains that the determination in the declaratory judgment of July 10, 1978 that the board's attempt to enter into a contract with Savino gave rise to a five-year term appointment was erroneous. We agree, and reverse that part of the judgment. Cases which have held term appointments to exist where contracts were entered into without statutory authority have involved city school districts which were subject to section 2507 of the Education Law (Downey v Lackawanna City School Dist., 51 AD2d 177; Smith v Helbraun, 24 AD2d 518; Matter of Brewster, 15 Ed Dept Rep 526). Here, however, a central, rather than a city district is involved and the law pertaining to such districts at the time of the relevant events herein did not make similar provisions for term appointments (L 1975, ch 436, § 2; ch 468, § 4). Such an appointment is invalid in the absence of specific statutory authorization (see Matter of Boyd v Collins, 11 NY2d 228; Downey v Lackawanna City School Dist., supra). (Appeal from judgment of Steuben Supreme Court—CPLR art 78.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Moule, JJ.